287 So.2d 282 (1973)
STATE of Florida ex rel. Robert HOUGH, et al., Petitioners,
v.
Honorable David POPPER, As Judge of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, Respondent.
Nos. 44161-44164.
Supreme Court of Florida.
December 19, 1973.
*283 Robert J. Beckham, of Beckham & McAliley, Barry Garber, and Louis M. Jepeway, Jr., of Jepeway, Gessen & Jepeway, Miami, for petitioners.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for respondent.
DEKLE, Justice.
This cause comes before us again by way of petitioners' Motion to Vacate and Motion for Reconsideration, directed to the Supplemental Writ of Mandamus issued by this Court on November 9, 1973. A perusal of this dual motion convinces us that a clarification of our Supplemental Writ is necessary. Oral argument on the motion is dispensed with, pursuant to F.A.R. 3.10(e), 32 F.S.A.
Petitioners were indicted for alleged violations of F.S. §§ 833.04 (conspiracy to commit a felony) and 838.012 (accepting a bribe), F.S.A., with one Edward J. Connell named as a co-conspirator. Prior to this indictment, petitioners had been subpoenaed and required to testify in criminal proceedings against the alleged co-conspirator. After being indicted, petitioners moved for dismissal of the indictment based, inter alia, on a contention that they were immunized from prosecution for the offenses charged, by virtue of the mentioned testimony and pursuant to F.S. § 914.04, F.S.A. This section provides:
"No person, having been duly served with a subpoena or subpoena duces tecum, shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, state attorney, or county solicitor, upon *284 investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding." (Emphasis ours).
The trial judge, although explicitly finding that the testimony given under subpoena "did constitute a link in the chain of evidence necessary to sustain a conviction" (which would require immunity), nevertheless, finding that the testimony was not incriminating in and of itself, denied the motion. Petition for mandamus was filed and our writ was issued, in which we commanded the trial judge to hold an evidentiary hearing to determine whether there was sufficient independent, unrelated evidence to justify prosecution, as the State suggests there is, and in the absence of such evidence to dismiss the charges.
Petitioners vigorously urge that F.S. § 914.04, F.S.A. provides for transactional immunity, and that therefore they may not be prosecuted for "any transaction, matter, or thing concerning which" they testified pursuant to the subpoenas. In this, they are correct. However, the statute additionally provides a use immunity, specifying that "no testimony so given or produced shall be received against him upon any criminal investigation or proceeding". At first glance, the use immunity provision would seem to be superfluous in view of the provisions for transactional immunity. The reason for the provision becomes evident, however, if one considers the situation of a person testifying as to one criminal transaction who, in the course of his testimony, discloses a fact, innocent in and of itself, which links him to an independent and separate criminal transaction; in such a situation, the transactional immunity would apply as to the first transaction, but not to the second criminal transaction.
Thus, if a person testifies under subpoena before a grand jury concerning an armed robbery in which he was a participant, and states in the course of his testimony that he drove his black Cadillac as the "getaway car," and it later is discovered that this car was driven by the witness in another, unconnected robbery, the statute provides the witness with complete immunity from prosecution for the robbery concerning which he testified, but only with use immunity as to the second, unconnected robbery. For this separate offense, the witness may be prosecuted; the statute, however, forbids the use of his compelled testimony in this prosecution even to establish the fact (innocent in and of itself) of ownership of the vehicle. It is the function of the use immunity in such a situation to provide the immunity necessary to safeguard the constitutional privilege against self-incrimination as to separate facts of an independent criminal transaction. The testimony given as to such incidental facts may not be used against the witness, but he may be prosecuted for this independent criminal transaction if it can be proved without the use of the compelled testimony. This is where the State's contended "independent source" of proof comes in. Such proof, however, must be of the separate, independent transaction. As initially stated, there is a complete immunity as to the transaction for which petitioners were subpoenaed to testify.
In State v. Kelly, 71 So.2d 887 (Fla. 1954), this Court said:
"When the witness gives testimony responsive to questions which are relevant to such subject matter, the witness is free forever from being subjected to a penalty, forfeiture or prosecution for *285 any offense substantially connected with the transaction, matter or thing concerning which he testified if any testimony so given in such inquiry constitutes a link in the chain of evidence needed to prosecute such witness thereafter charged for such offense revealed by testimony he was required to give, whether such testimony is used or not." At p. 895 (Emphasis ours)
The immunity clause was not intended to protect a witness from prosecution for all crimes, even though generally related to the matters concerning which he testified, but only to grant immunity from prosecution for transactions concerning which the accused actually testified. See State ex rel. Marcus v. Pearson, 68 So.2d 400 (Fla. 1953); State v. Mach, 187 So.2d 918 (Fla. App.2d 1966).
Thus, if petitioners' testimony given under subpoena concerned the same "transaction, matter or thing" for which they are being prosecuted under the indictments here in question, the indictments must be dismissed pursuant to F.S. 914.04, F.S.A.; if, however, the indictments do not relate to a transaction concerning which they testified pursuant to subpoena, but rather relate to an independent criminal transaction, F.S. § 914.04, F.S.A, provides only "use" immunity. It was to this situation we addressed ourselves in requiring an evidentiary hearing to resolve the question of the existence vel non of sufficient independent evidence to justify prosecution on such an independent, different transaction.
The record before this Court is insufficient to enable us to determine at this point whether the use immunity or transactional immunity provisions of § 914.04 are applicable to the facts of this case. If (1) the transactional immunity provisions control, or (2) the indictment charges a separate and independent criminal transaction, concerning which there is not sufficient independent evidence to justify prosecution, the indictments must be dismissed.
Accordingly, our writ will issue, requiring the trial judge to hold an evidentiary hearing to resolve the following issues:
(1) Whether the provisions of F.S. § 914.04, F.S.A., as applied to the factual situation presented by the instant cause, provides petitioners a transactional immunity, rather than merely a use immunity; and
(2) Whether, if only the use immunity provisions of F.S. § 914.04, F.S.A., apply to the instant cause, there exists sufficient independent evidence to justify prosecution of the petitioners thereon.
It is so ordered.
CARLTON, C.J., and ADKINS, BOYD and McCAIN, JJ., concur.