ON SUGGESTION FOR PROHIBITION
GRIMES, Judge.
The assistant state attorney requested the relator to appear at an investigation which dealt with a charge against Michael Karichkowsky for breaking and entering with intent to commit arson. Relator went to the investigation and informed the as *1068 sistant state attorney that he would not testify unless he was subpoenaed and given transactional immunity. A subpoena was issued and served upon him. Relator was then asked if he owned the structure that had been burglarized; if he knew Michael Karichkowsky; and if he had given Karich-kowsky permission to enter the structure. Before answering, relator declared that he was answering only because he had immunity. He then admitted owning the structure, knowing Michael Karichkowsky and having given a key to the structure to Kar-ichkowsky.
After obtaining this response, the assistant state attorney took a recess and left the room. Upon returning, he advised the relator that he was being released from his subpoena and that anything further that he said could and would be used against him. Relator then refused to answer any further questions and the interrogation ceased.
Subsequently, an information was filed which charged the relator with soliciting Michael Karichkowsky to commit arson. Relator filed a motion to dismiss contending that he had received transactional immunity pursuant to Section 914.04, Florida Statutes (1975). The motion was denied. The court reasoned that the relator was entitled to use immunity rather than transactional immunity because the testimony related to “an independent criminal transaction which was not in the State Attorney’s knowledge at the time of questioning.” Relator has filed this suggestion to prohibit his trial on grounds of transactional immunity. If relator has transactional immunity, prohibition is a proper remedy to preclude further prosecution for the crime. State ex rel Johnson v. MacMillan, 194 So.2d 627 (Fla. 2d DCA 1967); State ex rel. Lurie v. Rosier, 226 So.2d 825 (Fla. 4th DCA 1969).
In State ex rel. Hugh v. Popper, 287 So.2d 282 (Fla.1973), the Supreme Court interpreted our immunity statute as follows:
“Petitioners vigorously urge that F.S. § 914.04, F.S.A. provides for transactional immunity, and that therefore they may not be prosecuted for ‘any transaction, matter, or thing concerning which’ they testified pursuant to the subpoenas. In this, they are correct. However, the statute additionally provides a use immunity, specifying that ‘no testimony so given or produced shall be received against him upon any criminal investigation or proceeding’. At first glance, the use immunity provision would seem to be superfluous in view of the provisions for transactional immunity. The reason for the provision becomes evident, however, if one considers the situation of a person testifying as to one criminal transaction who, in the course of his testimony, discloses a fact, innocent in and of itself, which links him to an independent and separate criminal transaction; in such a situation, the transactional immunity would apply as to the first transaction, but not to the second criminal transaction.”
The court went on to conclude that if the petitioners’ testimony given under subpoena concerned the same “transaction, matter or thing” for which they were now being prosecuted, the indictments must be dismissed. In an earlier case involving the interpretation of the statutory words “transaction, matter or thing,” our Supreme Court held that the compelled testimony “need but be relevant to and have substantial connection with the subject of inquiry to bestow complete immunity from any offense revealed.” State v. Kelly, 71 So.2d 887 (Fla.1954).[1]
There is no doubt that the questioning of relator was prompted by the investigation of the charge against Michael Kar-ichkowsky. The charge now pending against the relator is not precisely the same. However, both charges pertain to the circumstances leading up to the entering of the subject structure with the intent to burn it. The charges can hardly be said to be unrelated. We believe that the relator's compelled testimony related to the “transaction, matter or thing” for which he *1069 is now charged. Whether or not the relator was a suspect before the interrogation began is irrelevant. The relator is entitled to transactional immunity.
Accordingly, the writ of prohibition is hereby issued with directions that the relator be discharged from prosecution in this case.
BOARDMAN, C. J., and SCHEB, J., concur.

. This case involved an earlier immunity statute but the same language which is pertinent to our discussion has been carried forward into the present statute.