McNULTY, Acting Chief Judge.
The state appeals an order dismissing the information against appellee on the grounds of statutory[1] transactional immunity.
Toogood was charged with grand larceny by an information filed July 9, 1976 alleging that he stole money in excess of $100 from one Russ Gorgone on November 9, 1975. Subsequently, Toogood moved to dismiss pursuant to Fla.R.Crim.P. 3.190(c)(3) claiming the statutory immunity mentioned.
A hearing was held and the testimony is summarized as follows. Prior to January 28, 1976 the state attorney’s office in Fort Myers received information about two worthless checks from the state attorney’s office in St. Augustine. On January 28, 1976, the clerk issued a subpoena for the appearance of appellee before state attorney Joseph D’Alessandro on February 2, 1976 at 10:00 A.M. D’Alessandro testified that the subpoena was issued to compel appellee’s appearance to discuss the checks, but the subpoena itself does not specify any particular violation.
The subpoena was duly served on appel-lee and he responded as directed on February 2. D’Alessandro testified that he advised appellee of his rights, they discussed the check matters, and as appellee was leaving, a brief conversation was had relative to Russ Gorgone. This conversation was initiated as a result of D’Allessandro’s recollection of having previously heard appel- *1204 lee’s name or the type of business with which he was connected. A few weeks prior to February 2, while riding a chartered bus to the Super Bowl in Miami, D’Alessandro had talked with Gorgone about a problem the latter was having with someone installing equipment in his office. Appellee’s name was mentioned in this conversation which lasted less than a minute. D’Alessandro further stated that Toogood told him he had been sick and he had some trouble putting the equipment in Gorgone’s office. D’Alessandro was not aware at the time of this conversation of any charge against appellee or investigation of appellee or his business.
Appellee claimed total recall of the conversation and testified that D’Alessandro began to quiz him about his business dealings with Gorgone immediately upon his arrival and prior to any discussion of his rights or the two checks.
Resolving any conflicts, the trial judge in his order granting the motion to dismiss found as facts: that (1) appellee made no voluntary waiver of his rights to immunity; (2) that D’Alessandro knew of the existence of a problem between appellee and Gor-gone; (3) that D’Alessandro was not, at the time of appellee’s appearance pursuant to the subpoena, aware of any official investigation into the problem; and (4) that the inquiry of D’Alessandro into the area of the Gorgone problem was not related to the subject matter about which the subpoena was issued. The judge then concluded that appellee was given transactional immunity. We think the facts, as found, do not support the court’s conclusion and reverse.
Expressly, the court found that the inquiry by D’Allessandro into the area of Gorgone problem was not related to the subject matter about which the subpoena was issued. Under similar circumstances our supreme court in State ex rel. Hough v. Popper[2] construed the provisions of our immunity statute as follows:
“. . .if petitioners’ testimony given under subpoena concerned the same ‘transaction, matter or thing’ for which they are being prosecuted under the indictments here in question, the indictments must be dismissed pursuant to F.S. 914.04, F.S.A.; if, however, the indictments do not relate to a transaction concerning which they testified pursuant to subpoena, but rather relate to an independent criminal transaction, F.S. 914.04, F.S.A., provides only ‘use’ immunity.”[3]
From all the foregoing, then, we condense the operative facts, viz: that the attorney was investigating the worthless check offenses, that appellee was subpoenaed to testify in relation thereto, that ap-pellee gave testimony relating to an independent criminal transaction not related to the worthless check offenses, and that the larceny charge in the instant case relates to the aforesaid independent criminal transaction. Under Popper, supra, it follows that appellee has only use immunity insulating him under the instant charge from the incriminating effect of what he may have been compelled to say regarding such charge. Parenthetically, we point out that we assume the “compulsion” necessary to give rise to any immunity, transaction or use, because of the express finding of the trial court that appellee did not waive immunity which, in turn, necessarily means he did not waive his Fifth Amendment privileges upon which such immunity would be dependent.
We hold, therefore, that the findings of the trial court will support only “use” immunity. Accordingly, the order appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
GRIMES and OTT, JJ., concur.

. Section 914.04, Florida Statutes (1975).

. 287 So.2d 282 (Fla. 1973).

. Id., 287 So.2d at 285.