SHARP, Judge.
The petitioner, James E. Alford, filed a petition for writ of prohibition to this court. He urges that he was compelled, over his Fifth Amendment objection, to testify in a criminal proceeding involving another person, and therefore he should have been given immunity from prosecution pursuant to Section 914.04, Florida Statutes (1979). The transcript of the proceeding was furnished to this court. After reviewing it, we disagree with the petitioner that his testimony was relevant to the current charges or that there was any substantial connection or link between the two. Accordingly, we deny the petition.
The petitioner was charged with “trafficking” in stolen property, specifically four 1969 Chevrolet hub caps, on April 12, 1979. His testimony was “compelled” at a criminal proceeding involving a different defendant who was charged with selling other stolen hub caps to the petitioner on approximately July 3, 1978. The petitioner testified that he was in the business of buying and selling used property of various kinds, and he identified and explained his business records concerning the July 1978 sale. The July hub caps were not involved in the April hub cap transaction in any way.
It is clear that the petitioner would have “use” immunity under Section 914.04, Florida Statutes (1979) for his testimony but no “transactional” immunity for anything other than the July hub cap transaction. To gain “transactional” immunity the compelled testimony must be “relevant to and have substantial connection with the subject of inquiry”. State v. Kelly, 71 So.2d 887, 894 (Fla.1954). This case is similar to the hypothetical discussed by the Supreme Court in State ex rel. Hough v. Popper, 287 So.2d 282 (Fla.1973):
Thus if a person testifies under subpoena before a grand jury concerning an armed robbery in which he was a participant, and states in the course of his testimony that he drove his black Cadillac as the ‘getaway car,’ and it later is discovered that this car was driven by the witness in another, unconnected robbery, the statute provides the witness with complete immunity from prosecution for the robbery concerning which he testified, but only with use immunity as to the second, unconnected robbery. For this separate offense, the witness may be prosecuted; the statute, however, forbids the use of his compelled testimony in this prosecution even to establish the fact (innocent in and of itself) of ownership of the vehicle .
Id. at 284.
Petition for writ of prohibition is hereby DENIED.
COBB and UPCHURCH, JJ., concur.