425 So.2d 118 (1982)
The STATE of Florida, Petitioner,
v.
Virgil HARRIS, Respondent.
No. 80-1599.
District Court of Appeal of Florida, Third District.
December 28, 1982.
Rehearing Denied February 2, 1983.
*119 Jim Smith, Atty. Gen., Janet Reno, State Atty. and Ira N. Loewy, Asst. State Atty., for petitioner.
Alan E. Weinstein, Miami Beach, for respondent.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The State of Florida has petitioned this court to review by certiorari and quash an order of the trial court which granted use immunity to three potential witnesses for the respondent, Harris.[1] It contends that the trial court has acted in excess of its jurisdiction and that the order does not conform to the essential requirements of law.
The facts giving rise to the questioned order are not in dispute. Virgil Harris and a co-defendant, Eric Parker, were charged in a five-count indictment with armed robbery with a firearm, attempted armed robbery with a firearm, attempted murder in the first degree, shooting into an occupied dwelling, and unlawful possession of a firearm while engaged in a criminal offense. Harris' counsel filed a witness list containing, inter alia, the names of Parker, who had by then pleaded guilty to the charges and was sentenced thereon, Gregory Howard and Roderick Straughn.
The three prospective defense witnesses were subpoenaed for deposition by the State. The prosecutor notified their respective counsel that the State would not depose the witnesses unless they waived immunity. The witnesses refused to waive immunity, the State refused to grant it, and the depositions were not taken. Thereafter, each of the putative witnesses stated that if called as a witness at trial, he would invoke his privilege against self-incrimination and would not testify unless assured that his testimony could not thereafter be used against him.
Harris' counsel, asserting that these three potential defense witnesses would testify (provided that their testimony was not used against them) that the three of them committed the crimes with which Harris was charged and that Harris was not a participant, moved the court to grant the witnesses use immunity. The court granted the motion.
At the outset, it is important to note the distinction between use immunity, which the trial court ordered, and transactional immunity, which it did not. The former simply forbids the testimony given under the immunity grant to be used against the witness in any criminal prosecution of him; the latter provides the witness with immunity from prosecution for the matter concerning which his testimony was elicited. State ex rel. Hough v. Popper, 287 So.2d 282 (Fla. 1973); Alford v. Cornelius, 380 So.2d 1183 (Fla. 5th DCA 1980); State *120 v. Toogood, 349 So.2d 1203 (Fla. 2d DCA 1977). It is abundantly clear that a court of this state is powerless to provide a witness with transactional immunity over the State's objection: first, because transactional immunity is a creature of a statute,[2]State v. Schroeder, 112 So.2d 257 (Fla. 1959); Stancel v. Schultz, 226 So.2d 456 (Fla. 2d DCA 1969); but see Ingram v. Prescott, 111 Fla. 320, 149 So. 369 (1933); Gilliam v. State, 267 So.2d 658 (Fla. 2d DCA 1972), the exclusive purpose of which is to aid the State in the prosecution of crimes, Tsavaris v. Scruggs, 360 So.2d 745 (Fla. 1977); State v. Schell, 222 So.2d 757 (Fla. 2d DCA 1969); and second, because court-ordered transactional immunity over the State's objection interferes with the State's prosecutorial prerogative, thereby violating the constitutional doctrine of the separation of powers between the judicial and executive branches of government. Cf. Cleveland v. State, 417 So.2d 653 (Fla. 1982) (court may not override prosecutor's refusal to consent to pretrial diversion of defendant, essentially a conditional decision not to prosecute); State v. Brown, 416 So.2d 1258 (Fla. 4th DCA 1982) (court may not dismiss information based on victim's expressed desire not to prosecute in face of prosecutor's desire that prosecution go forward); State v. Jogan, 388 So.2d 322 (Fla. 3d DCA 1980) (trial court may not dismiss information conditioned on defendant enlisting in military where State desires to prosecute).
The question of whether a court is authorized to order that a prospective defense witness be given use immunity in exchange for his testimony is not as readily answered. While use immunity may arguably hinder some future prosecution of the witness,[3] it does not, ipso facto, prevent the prosecution from proceeding; thus, it is neither so obviously precluded by the immunity statute,[4] nor so obviously in violation of the doctrine of separation of powers.
There is, as the State correctly points out, an impressive amount of authority holding that a court is simply not empowered to grant use immunity to defense witnesses, see, e.g., United States v. Heldt, 668 F.2d 1238, 1282 (D.C. Cir.1981) ("the power to apply to the court for use immunity is confined to the government"); United States v. Beasley, 550 F.2d 261 (5th Cir.1977) (court without power to require defense witness to testify about matters for which witness had right to claim Fifth Amendment privilege); In re Daley, 549 F.2d 469 (7th Cir.1976) (a federal court is not empowered to prescribe immunity on its own initiative, since to recognize such power would be to contradict long-held beliefs as to governmental separation of powers); In re Darrell T., 90 Cal. App.3d 325, 153 Cal. Rptr. 261, 266 (1979) ("The issue of immunity is a prosecutorial prerogative as to which the defense has no right to attempt to have granted to witnesses."); State v. Matson, 22 Wash. App. 114, 587 P.2d 540 (1978) (grant of immunity a prosecutorial tool; no comparable right in the defendant); State v. Linsky, 117 N.H. 866, 379 A.2d 813 (1977) (trial court neither has the power to grant immunity on its own, nor to require the government to seek immunity for defense *121 witnesses); State v. Simms, 170 Conn. 206, 365 A.2d 821 (1976); People v. Vicaretti, 54 A.D.2d 236, 388 N.Y.S.2d 410 (1976).[5] On the other hand, there is substantial authority recognizing that under extraordinary circumstances, not found to exist in these cases, a court might be empowered to grant a defense witness immunity where to deny immunity would be to violate the defendant's due process right to a fair trial. United States v. Chagra, 669 F.2d 241 (5th Cir.1982); United States v. Turkish, 623 F.2d 769 (2d Cir.1980); United States v. Praetorius, 622 F.2d 1054 (2d Cir.1980); United States v. Lenz, 616 F.2d 960 (6th Cir.1980); United States v. Klauber, 611 F.2d 512 (4th Cir.1979); United States v. Herman, 589 F.2d 1191 (3d Cir.1978); United States v. Alessio, 528 F.2d 1079 (9th Cir.1976); United States v. Allstate Mortgage Corp., 507 F.2d 492 (7th Cir.1974).[6] But only a single appellate court has actually found the "extraordinary circumstance" and ordered the government to confer use immunity on a defense witness or suffer an acquittal. See United States v. Morrison, 535 F.2d 223 (3d Cir.1976). The respondent, however, can take little comfort in Morrison, in which the government, after previously showing no interest in prosecuting a potential witness, threatened prosecution after the witness decided to testify for the defendant. No such prosecutorial abuse can be found in the present case.
Harris must, and does, place his greatest reliance on Government of Virgin Islands v. Smith, 615 F.2d 964 (3d Cir.1980), which, apart from reaffirming the Morrison rule that a deliberate attempt by the government to disrupt the fact-finding process should be met with a grant of use immunity to a defense witness, stands alone in announcing that:
"In addition, even if there is no evidence of such prosecutorial misconduct, when it is found that a potential defense witness can offer testimony which is clearly exculpatory and essential to the defense case and when the government has no strong interest in withholding use immunity, the court should grant judicial immunity to the witness in order to vindicate the defendant's constitutional right to a fair trial." Id. at 974.
But even as we need not decide if a court may grant immunity when it finds government abuse, because no abuse has occurred here,[7] we need not decide if a court may grant immunity on the lesser showing required by the Third Circuit in Smith, because the testimony which Harris seeks is, as will be seen, available without a grant of immunity, making other unavailable testimony not essential to the respondent.[8]
We return to the facts of this case. The defendant sought use immunity for three witnesses, each of whom purportedly *122 would implicate himself in the crimes and exonerate the defendant. Recall, however, that one of these witnesses, Eric Parker, had been charged as a co-defendant with Harris and had pleaded guilty to and been sentenced on the charges. Under these circumstances, it is evident that Parker could no longer invoke the privilege against self-incrimination in respect to these crimes. McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969); Dearing v. State, 388 So.2d 296 (Fla. 3d DCA 1980); Clark v. State, 317 So.2d 870 (Fla. 1st DCA 1975). See also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Namet v. United States, 373 U.S. 179, 83 S.Ct. 1151, 10 L.Ed.2d 278 (1963); United States v. Sanchez, 459 F.2d 100 (2d Cir.1972); United States v. Romero, 249 F.2d 371 (2d Cir.1957). That being the case, Parker is available to the defendant as a witness without the need for a grant of immunity,[9] and the testimony of Howard and Straughn, being cumulative to Parker's, becomes nonessential. Thus, the defendant's due process right to a fair trial can be amply accommodated without the need for a grant of use immunity to any of these witnesses. See United States v. Turkish, supra (no need for immunity where witness's testimony cumulative); United States v. Klauber, supra (no need for immunity if evidence otherwise available); United States v. Alessio, supra (no need for immunity where witness's testimony cumulative).
Accordingly, the State's petition for writ of certiorari is granted, and the order of the trial court granting use immunity to Eric Parker, Gregory Howard and Roderick Straughn is quashed.
NOTES
[1] The operative portion of the trial court's order reads:

"ORDERED and ADJUDGED that the Defendant's Motion to Grant Potential Defense Witnesses Use Immunity be and the same is hereby granted. ERIC PARKER, GREGORY HOWARD and RODERICK STRAUGHN are each granted use immunity by this Court for the truthful testimony given by them on behalf of the defendant in the instant case. Such testimony shall not subsequently be used against any of the individuals in a criminal prosecution, except in the event of a prosecution for perjury arising out of the said testimony."
[2] As a federal constitutional matter, it is only necessary that a witness be given use immunity in order to compel his testimony. Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972); Tsavaris v. Scruggs, 360 So.2d 745 (Fla. 1977).
[3] As the State's petition notes: "While the government remains theoretically free to prosecute an individual granted use immunity, it can do so only if it satisfies the heavy burden, imposed by the Constitution, of proving affirmatively that the evidence proposed to be used is derived from a legitimate source wholly independent of the compelled testimony. Kastigar v. United States, supra."
[4] The State argues, however, that although the trial court's order purports to grant use immunity only, a witness who is compelled to testify by court order will by virtue of the immunity statute, § 914.04, Fla. Stat. (1979), automatically receive transactional immunity. This argument may overlook that the witness is not necessarily being called pursuant to Section 914.04, compare Stancel v. Schultz, supra, with Gilliam v. State, supra, or that even if transactional immunity could result, the witness could, through his knowing acceptance of use immunity, waive some greater protection. However, we need not decide the merits of the State's argument in this case.
[5] The holding in Earl v. United States, 361 F.2d 531 (D.C. Cir.1966), that immunity for a defense witness is absolutely unavailable is inapposite, since the immunity referred to there is transactional.
[6] In Moody v. State, 418 So.2d 989 (Fla. 1982), the court, without citation of authority, held that Moody was not "denied due process of law by the prosecutor's failure to give Bassett immunity." Id. at 992. Although it is far from clear, presumably Moody hoped to elicit from Bassett that (a) Bassett killed her mother shortly after the killing with which Moody was charged and in which Bassett was at least peripherally involved, and (b) Bassett, not Moody, committed the murder for which Moody was convicted. The case might be said to implicitly recognize that under certain circumstances, due process might require some form of immunity for a defense witness.
[7] In State v. Mesa, 395 So.2d 242 (Fla. 3d DCA 1981), we held that it was manifestly inappropriate to dismiss an information when two purported defense witnesses invoked their privilege against self-incrimination. Finding no suggestion of prosecutorial abuse, we expressly declined to intimate a view whether the trial court could have granted these witnesses immunity had such abuse been present. Id. at 243 n. 2.
[8] In United States v. Thevis, 665 F.2d 616 (5th Cir.1982), the court, finding no prosecutorial abuse, refused to decide whether it was empowered to grant immunity where such abuse is found. The court did, however, reject outright the Third Circuit's thesis in Smith that a court may grant immunity simply because the defense witness has essential exculpatory information unavailable from other sources. We need not go even that far.
[9] The defendant's position that Parker may invoke the privilege against self-incrimination to protect against untruthful statements he may make in Harris' trial is totally without merit. The Florida Bar v. Doe, 384 So.2d 30 (Fla. 1980). Moreover, since Parker's prior statements concerning his role in this affair given at the time of his guilty plea were not given under a grant of immunity, they may be used as prior inconsistent statements in any perjury prosecution of Parker. Cf. The Florida Bar v. Doe, supra.