438 So.2d 477 (1983)
Roger NOVO, Petitioner,
v.
The Honorable Thomas E. SCOTT, Judge, Circuit Court, Eleventh Judicial Circuit, Respondent.
No. 83-1948.
District Court of Appeal of Florida, Third District.
September 26, 1983.
Black & Furci and Frank Furci, Miami, for petitioner.
Jim Smith, Atty. Gen. and Carolyn Snurkowski, Asst. Atty. Gen., Janet Reno, State Atty., and Ira N. Loewy, Asst. State Atty., for respondent.
Before BARKDULL, NESBITT and JORGENSON, JJ.
PER CURIAM.
The petitioner was subpoenaed to testify in a criminal investigation and invoked his *478 fifth amendment privilege against self-incrimination. In response, the assistant state attorney advised Mr. Novo that he would extend immunity pursuant to section 914.04, Florida Statutes (Supp. 1982). Despite this offer, the petitioner refused to answer on the ground that the Florida Immunity Statute is unconstitutional for its failure to provide derivative-use immunity. From the trial court order holding the statute constitutional and ordering Mr. Novo to answer, he filed the instant petition for writ of certiorari. We have jurisdiction, Fla.R.App.P. 9.100(a), and deny the writ.
The relevant inquiry is whether the grant of immunity is sufficiently broad to supplant the defendant's privilege against self-incrimination. Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972); Compton v. Societe Eurosuisse, S.A., 494 F. Supp. 836 (S.D.Fla. 1980). The trial judge carefully considered this issue and, in his well-reasoned order, found as follows:
First; the very language of the statute contains an extension of both use and derivative use immunity to a witness. The key phrase is, "... upon any investigation or proceeding." Clearly, this wording embraces the use of testimony in a proceeding (use immunity) and its fruits in any investigation (derivative use).
Novo places great reliance upon Compton v. Societe Eurosuisse, S.A. supra. In that case, a federal judge declared unconstitutional Florida Statute 56.29(8), because it merely used the language "in any criminal proceeding". The judge reasoned that such language fails to place restrictions on the use of the fruits of such testimony. Without contesting the basic soundness of this determination, it is readily apparent that the present case is distinguishable. Here, unlike Compton, 914.04 contains the additional language "any investigation". By adding investigation, the legislature intended to include derivative use immunity. This legislative intent is confirmed by the analysis below.
Second; 914.04 must be considered in light of basic rules of statutory construction. A statute should be construed in such a manner as to effectuate legislative intent, and all doubts should be resolved in favor of its constitutionality. Myers v. Hawkins, 362 So.2d 926 (Fla. 1978); State v. McDonald, 357 So.2d 405 (Fla. 1978); and, Dept. of Legal Affairs v. Rogers, 329 So.2d 257 (Fla. 1976). In the present case, the legislative intent was to eliminate the statutorily created transactional immunity; cf., State v. Harris, 425 So.2d 118 (Fla. 3rd DCA 1983), but to keep intact use immunity as well as derivative use immunity as required by Kastigar.
The purpose of the Florida legislature was to eliminate the broad and unnecessary (in the legislature's viewpoint) protection afforded by transactional immunity, but, at the same time, afford minimum constitutional guarantees bestowed under the Constitution. "Transactional immunity ... affords the witness considerably broader protection than does the Fifth Amendment privilege." Kastigar v. United States, 406 U.S. 441, 453 [92 S.Ct. 1653, 1661, 32 L.Ed.2d 212] (1972). This type of immunity "not only immunize(s) the witness for any use of his testimony or the fruits thereof in a subsequent trial but it .. . also provide(s) absolute immunity against future prosecution for the offense to which the question relates." Note, Immunity From Prosecution: Transactional Versus Testimonial Or Use, 17 S.D.L.Rev. 166, 173 (1972). See, also, Counselman v. Hitchcock, 142 U.S. 547, 585-586 [12 S.Ct. 195, 206-07, 35 L.Ed. 1110] (1892); State ex rel. Hough v. Popper, 287 So.2d 282, 284 (Fla. 1973); and State v. Harris, supra, at 119-120.
Both the Bill Analysis emanating from the Senate and House clearly indicate such intent. As an illustration, the Senate Staff Analysis states: "Florida's immunity statute is broader than required under the Fifth Amendment of the Federal Constitution, which requires only use and derivative use immunity. The elimination of the provisions for transactional immunity would leave unaffected the Fifth Amendment safeguards required by *479 the United States Supreme Court and the Federal Constitution." It is beyond peradventure for Novo to seriously contend that the legislature was unaware of Kastigar and its requirements.
While this Court is not unsympathetic to the plight of a witness in light of the elimination of the broad protection previously afforded by transactional immunity, I am equally cognizant of the "hard judgment on close questions" that the prosecutor must make in deciding to extend immunity. Tsvaris [Tsavaris] v. Scruggs, 360 So.2d 745, at 749 (Fla. 1978). Immunity, at the very best, is a compromise or exchange between the prosecutor's need to "... loosen lips the Constitution would otherwise permit to remain sealed"; Tsvaris [Tsavaris] v. Scruggs, supra, at 749; and the witness's right to have the government refrain from the use of matters disclosed therein. Cf., Headley v. Baron, 228 So.2d 281, at 283 (Fla. 1969). (Immunity is a "legislative recognition of the extreme difficulty of proving certain types of crimes.") In the present case, the legislature concluded that the balance would be better struck by the elimination of transactional immunity. If given the opportunity to vote, I might have cast differently than the legislature, but such policy decisions are not my role. The function of this Court is to ascertain the legislative intent, and apply it where constitutionally feasible. State ex rel. Taylor v. Tallahassee [130 Fla. 418], 177 So. 719 (Fla. 1937).
Third; Florida decisions have interpreted the very language in question to contain both use and derivative use immunity.[4] While not using the actual words, derivative use immunity is implied from the tenor of these decisions and the adoption of the "independent source of proof" test or "link in the chain of evidence" standard by the Florida Supreme Court. State ex rel. Hough v. Popper, 287 So.2d 282 (Fla. 1973); State v. Newell, 102 So.2d 613 (Fla. 1958); and, State v. Kelly, 71 So.2d 887 (Fla. 1954).
It is the function of the use immunity in such a situation to provide the immunity necessary to safeguard the constitutional privilege against self-incrimination as to separate facts of an independent criminal transaction. The testimony given as to such incidental facts may not be used against the witness, but he may be prosecuted for this independent criminal transaction if it can be proved without the use of the compelled testimony. This is where the State's contended "independent source" of proof comes in. Such proof, however, must be of the separate, independent transaction. State ex rel. Hough v. Popper, supra, at 284.
Even a cursory reading of Kastigar reveals that the very heart of the derivative use immunity requirement is the independent source test. "Use immunity" and "derivative use immunity" do not prevent subsequent prosecution based on evidence obtained from legitimate independent sources. Kastigar v. United States, 406 U.S. 453, 460-461 [92 S.Ct. at 1664-65]. However, the burden is on the government "to prove that the evidence it proposes to use is derived from" such an independent source. Ibid at 460 [92 S.Ct. at 1665].
Therefore, by applying the independent source test to the Use immunity statute, Florida has met the requirements of Kastigar; and concomitantly use and derivative use immunity are available to a witness. Cf., also State v. Harris, 425 So.2d 118 (Fla. 3rd DCA 1983) ("As a federal constitutional matter, it is only necessary that a witness be given use immunity in order to compel his testimony"); State v. Toogood, 349 So.2d 1203; 1204 (Fla. 2nd DCA 1977) ("use immunity ... insulating him under the instant charge from the incriminating effect of what he may have been compelled to say regarding such charge."); and Orosz v. State, 334 So.2d 26 (Fla. 1st DCA 1976).[5]
[4] Parenthetically, it must be reiterated that the language extending use immunity is not *480 new but was contained in the previous statutes. cf., F.S., 914.04 (1978); and, F.S. 932.29 (1967). The only change in the 1982 Amendment was to delete transactional immunity.
[5] (footnote omitted)
We adopt the reasoning and analysis of the trial judge and hold that section 914.04 is constitutional and affords a witness derivative-use immunity.
The petition for writ of certiorari is denied.