CAMPBELL, Judge.
The state has filed its petition for writ of certiorari asking that this court exercise its jurisdiction to reverse an order of the trial judge which denied the state’s motion to compel testimony after an offer of immunity pursuant to section 914.04, Florida Statutes (1982).[1] The respondent had been convicted of trafficking in cannabis and criminal conspiracy to traffic in cannabis. On appeal, his convictions were affirmed. The state then subpoenaed respondent for investigations of other individuals who might have been involved in the offense for which he had been convicted. He refused to answer questions concerning the names of other individuals who might have been involved, even though he was granted immunity pursuant to section 914.04. Respondent argued to the trial court that “use immunity,” provided by section 914.04, was not sufficient to protect his Fifth Amendment rights against self-incrimination. Apparently, relying on an erroneous interpretation of State ex rel. Hough v. Popper, 287 So.2d 282 (Fla.1973), respondent argued that if he revealed names of other individuals, it was possible that they, in turn, might furnish the state with other independent information that might implicate respondent in other offenses from which he would not be immune from prosecution. The state argues to the contrary, citing in support the “derivative use” immunity discussed by Professor Wigmore, Evidence § 2283 (McNaughton rev. 1961), and approved by the Ohio Supreme Court when construing their immunity statute[2] in State v. Sinito, 43 Ohio St.2d 98, 330 N.E.2d 896 (1975).
The United States Supreme Court has also, at length, discussed the scope of immunity granted by a number of federal statutes, most notably in Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972); Albertson v. Subversive Activities Control Board, 382 U.S. 70, 80 S.Ct. 194, 15 L.Ed.2d 165 (1965); Ullmann v. United States, 350 U.S. 422, 76 S.Ct. 497, 100 L.Ed. 511 (1956); Arndstein v. McCarthy, 254 U.S. 71, 41 S.Ct. 26, 65 L.Ed. 138 (1920); Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110 (1892).
The issue to be determined in each instance is whether the immunity granted by statute is coextensive with the scope of the Fifth Amendment privilege against compulsory self-incrimination. It seems clear to us that had the Florida statute been the subject of scrutiny by the United States Supreme Court in the eases cited above, it would have been held not to grant “derivative use” immunity and, therefore, not equal in scope with the Fifth Amendment. The wording of the section 914.04, in regard *504 to the immunity granted, is virtually the same as that disapproved in Counselman v. Hitchcock, and not as broad as that approved by the Ohio Supreme Court in State v. Sinito.
Ohio’s statute in granting immunity refers to “any prosecution based on his testimony” in regard to the immunity that is extended to a witness. Section 914.04 refers to “testimony so given or evidence so produced.” We are urged to construe the “evidence so produced” in section 914.04 as being as broad as that in Ohio’s statute and as interpreted by the Ohio Supreme Court. The “evidence so produced” in section 914.-04, to us, clearly refers to the earlier provision in the statute providing that a witness is not excused from “producing any book, paper, or other document” and has nothing to do with derivative information from which “derivative immunity” could be inferred.
However, we are not required to strictly construe section 914.04 as apparently would the United States Supreme Court, or even perhaps the Ohio Supreme Court. Regardless of the narrowness of the words employed in section 914.04, the Florida Supreme Court has already, as well it could, broadly construed that language to grant “derivative use” immunity in Popper. In 1973, when Popper was decided, section 914.04 provided for both “transactional immunity” and “use immunity.” By chapter 82-393, Laws of Florida (1982), the Florida legislature amended section 914.04 to delete “transactional immunity.” Except for that deletion, chapter 82-393 made no changes in section 914.04, and it remained exactly the same insofar as it provided for “use immunity.”
Our supreme court in Popper said in regard to the “use immunity” provision of section 914.04, Florida Statutes (1973):
For this separate offense, the witness may be prosecuted; the statute, however, forbids the use of his compelled testimony in this prosecution even to establish the fact (innocent in and of itself) of ownership of the vehicle. It is the function of the use immunity in such a situation to provide the immunity necessary to safeguard the constitutional privilege against self-incrimination as to separate facts of an independent criminal transaction. The testimony given as to such incidental facts may not be used against the witness, but he may be prosecuted for this independent criminal transaction if it can be proved without the use of the compelled testimony. This is where the State’s contended “independent source” of proof comes in. Such proof, however, must be of the separate, independent transaction.
Thus, our supreme court in Popper has declared section 914.04 to grant “derivative use” immunity and we, therefore, adhere to that precedent. The Third District Court of Appeal has reached the same conclusion in Novo v. Scott, 438 So.2d 477 (Fla.3d DCA 1983); Cf. Alford v. Cornelius, 380 So.2d 1183 (Fla. 5th DCA 1980).
Thus, if respondent’s compelled testimony leads to evidence that he committed another crime, he could not be prosecuted for that crime unless the prosecution could affirmatively “prove that the evidence it proposes to use is derived from a legitimate source wholly independent of the compelled testimony.” Kastigar, 406 U.S. at 460, 92 S.Ct. at 1665.
Accordingly, the petition for writ of cer-tiorari is granted and the order of the trial judge is quashed.
GRIMES, A.C.J., and SCHOONOVER, J., concur.

. 914.04 Witnesses; person not excused from testifying in certain prosecutions on ground testimony might incriminate him. — No person who has been duly served with a subpoena or subpoena duces tecum shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or state attorney upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no testimony so given or evidence so produced shall be received against him upon any criminal investigation or proceeding.

. R.C. 2945.44 states:
Whenever the testimony or other evidence in possession of a person is necessary to a full and complete investigation of any criminal conduct, or to secure or successfully maintain and conclude a prosecution, and when in such case it appears in the interests of justice to do so, a judge of the court of common pleas or court of appeals, or a justice of the supreme court may grant to such person immunity from any prosecution based on his testimony or other evidence given by him, other than a prosecution for perjury or tampering with evidence.