HERSEY, Judge.
Theodore Menut, convicted of murder, appealed and while that appeal was pending here he was twice called to testify in trials against one Christopher Clugston. On each occasion he invoked his Fifth Amendment privilege, was granted immunity, refused to testify and was held in contempt. The two judgments of contempt are the subject of this consolidated appeal.
Appellant argues first that the immunity defined in Section 914.04, Florida Statutes (Supp.1982), is not coextensive with the scope of the Fifth Amendment because it does not provide derivative use immunity. “[Ijmmunity from use and derivative use is coextensive with the scope of the privilege against self-incrimination and therefore is sufficient to compel testimony over a claim of the privilege.” Kastigar v. United States, 406 U.S. 441, 453, 92 S.Ct. 1653, 1661, 32 L.Ed.2d 212, 222 (1972). The Florida Statute provides both use and derivative use immunity. State v. Harrison, 442 So.2d 389 (Fla. 4th DCA, 1983); Novo v. Scott, 438 So.2d 477 (Fla. 3d DCA 1983); State v. McSwain, 440 So.2d 502 (Fla. 2d DCA, 1983).
Next, appellant maintains that he could not be compelled to testify because he would not be immune from prosecution for perjury. It is true that a grant of immunity is not a license to perjure oneself. It is equally true, however, that a statement given under a grant of immunity may not itself be used to convict for perjury by inconsistent or contradictory statements. McDonald v. State, 321 So.2d 453 (Fla. 4th DCA 1975). See also The Florida Bar v. Doe, 384 So.2d 30 (Fla.1980) and State v. Harris, 425 So.2d 118 (Fla. 3d DCA 1982). This rule is obviously inapplicable where the state specifically refuses to grant immunity for perjury. Salem v. State, 305 So.2d 23 (Fla. 3d DCA 1974), cert. denied, 315 So.2d 193 (Fla.1975); Saunders v. State, 319 So.2d 118 (Fla. 1st DCA 1975), cert. discharged, 344 So.2d 567 (Fla.1977); Feldman v. State, 348 So.2d 415 (Fla. 1st DCA 1977).
We affirm the conviction and find no fault with either of the sentences imposed.
AFFIRMED.
ANSTEAD, C.J., and DOWNEY, J., concur.