PER CURIAM.
By this petition for writ of certiorari, the State seeks review of a trial court order refusing to compel Richards and Wilcher, persons who indisputably had been given use immunity pursuant to Section 914.04, Florida Statutes (1983), to testify at the trial of Wilcher’s brother. The announced basis for the trial court’s ruling was that it would not compel the witnesses to testify at trial unless the State granted the witnesses immunity from “prosecution for perjury as to all prior statements, including statements to the police and to the Grand Jury and as to use of testimony at trial to prove contradiction with prior sworn statements.” (emphasis supplied).
*1125 Protection from the use of their trial testimony is all the protection that the law requires, see Novo v. Scott, 438 So.2d 477 (Fla.3d DCA 1983), rev. denied, 446 So.2d 100 (Fla.1984), and such protection having been given, the respondents’ testimony must be compelled. While any testimony which, these witnesses give at trial under the grant of immunity may not be used as evidence against them in a prosecution for perjury by making inconsistent or contradictory statements, these witnesses are not entitled to immunity from prosecution. They may be prosecuted for committing perjury during their trial testimony providing only that their trial testimony is proved to be perjurious by independent proof rather than by merely showing that it conflicts with prior testimony, and they may be prosecuted for perjury for making any previous sworn statement so long as the statement is proved perjurious by other than the use of the witnesses’ immunized trial testimony. See The Florida Bar v. Doe, 384 So.2d 30 (Fla.1980); Menut v. State, 446 So.2d 718 (Fla. 4th DCA 1984).
Certiorari granted; order of July 11, 1984, quashed.