460 So.2d 553 (1984)
Eugene FOUNTAINE, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1929.
District Court of Appeal of Florida, Second District.
December 14, 1984.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant, Eugene Fountaine, was convicted of first-degree murder and sentenced to life imprisonment with a mandatory minimum of twenty-five years. We find no merit to any of the three points he raises on appeal. However, we wish to discuss our reasoning for rejecting his contention that the court erred in refusing to grant immunity to a witness subpoenaed by the defense.
We begin by examining the context in which defendant's contention arose. James Powers was a Rhode Island prison inmate serving a sentence for murder. He was summoned to testify at defendant's trial pursuant to the trial court's issuance of a certificate to procure out-of-state witnesses which had been requested by defendant's counsel. Powers had indicated to an investigator that if he was granted immunity, he would testify that he was present when one William Salisbury, the state's principal witness, actually killed the victim. Salisbury had already testified that appellant had hired him and Allen Brash to kill the victim and that Brash had actually committed the murder. However, when defense counsel *554 proffered Powers' testimony, Powers would only answer a few questions. He then invoked his privilege against self-incrimination when he was asked any questions concerning details of the killing of the victim. Powers admitted during this proffer that the only reason he was not willing to testify fully was his lack of immunity.
Defense counsel then asked the court to grant Powers use immunity. Counsel contended that since the state had the power to grant immunity to a witness, the defense should have equal ability to call witnesses and have them granted use immunity. Otherwise, he argued, the defendant's constitutional right to present the testimony of favorable witnesses to establish his defense would be violated. The prosecution countered with the argument that only the state could grant immunity to a witness, and that it refused to grant immunity to Powers in this case. The court declined to grant immunity and ruled that defense counsel could call Powers to the stand to ask only those questions Powers was willing to answer without invoking the fifth amendment. We think the court was correct in its ruling.
Since immunity from prosecution is a creature of statute, City of Hollywood v. Washington, 384 So.2d 1315 (Fla. 4th DCA 1980), we turn our attention to the text of Florida's use immunity statute, which is found in section 914.04, Florida Statutes (1983). That section states:
No person who has been duly served with a subpoena or subpoena duces tecum shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or state attorney upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no testimony so given or evidence so produced shall be received against him upon any criminal investigation or proceeding.
The supreme court recently addressed the operation of the statute in Jenny v. State, 447 So.2d 1351 (Fla. 1984). There James Jenny was subpoenaed by the state to testify about a transaction for which he was later charged. The court held that section 914.04 was self-executing and automatically grants use immunity to one who testifies under the circumstances it delineates. The question now before us concerns those circumstances in which the statute applies. More particularly, we must determine whether the court is authorized to grant use immunity to a prospective defense witness in exchange for his testimony.
Defendant acknowledges that in Jenny the witness immunized was subpoenaed by the state. Nevertheless, since the statute is self-executing, defendant argues that it logically follows that it should apply equally to defense-subpoenaed witnesses. Thus, once subpoenaed by the defense, Powers could not be excused from testifying on the ground of self-incrimination, because he would automatically receive use immunity under section 914.04. Additionally, defendant underscores the importance of compelling Powers to testify, because it would have demonstrated that Salisbury, rather than Brash, had actually killed the victim. Powers' testimony, according to defendant, would have destroyed Salisbury's credibility before the jury. Being deprived of the benefit of Powers' testimony, defendant argues, violated his right to establish his defense.
The purpose of creating an immunity statute in Florida was to aid the state in its prosecution of crimes. State v. Schell, 222 So.2d 757 (Fla. 2d DCA 1969). The statute is designed to insulate a witness against the incriminating effect of testimony the state compels that witness to give and should be liberally construed to accomplish that purpose. Tsavaris v. Scruggs, 360 So.2d 745 (Fla. 1977). However, this authority to grant immunity historically lies with the state and not the *555 court. See State v. Harris, 425 So.2d 118 (Fla. 3d DCA 1982). We are unaware of any cases in Florida giving a trial court the power to grant immunity on its own initiative.[1]
Except for Harris there is a dearth of authority on this issue in Florida; however, in several instances in federal proceedings, defendants have sought to invoke immunity for witnesses but have been unsuccessful. For example, the courts have held that a defendant's rights under the sixth amendment "Compulsory Process" clause do not supersede a witness' right to invoke his fifth amendment privilege against self-incrimination, nor does it give a defendant the right to demand that the government shield a witness from the consequences of his own testimony. United States v. Chagra, 669 F.2d 241, 260 (5th Cir.), cert. denied, 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 92 (1982). Rather, the compulsory process clause holds only that the government may not act to prevent an otherwise willing witness from testifying for the defense. United States v. Lenz, 616 F.2d 960 (6th Cir.), cert. denied, 447 U.S. 929, 100 S.Ct. 3028, 65 L.Ed.2d 1124 (1980). See also United States v. Bowling, 666 F.2d 1052 (6th Cir.1981), cert. denied, 455 U.S. 960, 102 S.Ct. 1475, 71 L.Ed.2d 680 (1982). Furthermore, a defendant has no constitutional right under the fifth amendment to immunize a witness to secure that witness' compulsory testimony even if that witness' testimony is both exculpatory and unavailable from any other source. United States v. Thevis, 665 F.2d 616, 638-40 (5th Cir.), cert. denied, 459 U.S. 825, 103 S.Ct. 57, 74 L.Ed.2d 61 (1982). Thus, federal courts have concluded that the right to present a defense does not entitle a defendant to demand immunity for his witnesses. Chagra, 669 F.2d at 260.
We hold that the self-executing feature of section 914.04 discussed in Jenny is limited to cases where the state subpoenas a witness to testify before the state attorney, grand jury, or before a court having felony jurisdiction. It cannot be invoked by the defendant to immunize a witness. Therefore, we find no error in the trial court's refusal to grant immunity to Powers, who was subpoenaed to testify on behalf of the defendant. To hold otherwise would enable defendants to seriously impede the prosecution of crime. Accordingly, we affirm defendant's judgment and sentence.
GRIMES, A.C.J., and DANAHY, J., concur.
NOTES
[1] In Harris our sister court pointed to an impressive list of authorities holding that a court is simply not empowered to grant use immunity to defense witnesses. 425 So.2d at 120-121.