GROSS, Judge.
Petitioner Lisa Costello challenges her continued detention under an order of civil contempt.
Costello was originally subpoenaed to appear for questioning by the state attorney who was investigating the disappearance of a New Jersey businessman, Frank Black. Costello appeared, but refused to answer questions, asserting her Fifth Amendment privilege against compulsory self-incrimination. The prosecutor moved that she be held in civil contempt, giving adequate notice to Costello. The trial court found Costello to be in civil contempt and remanded her to the Martin County jail. The purge provision of the contempt order was that Costello could secure her release by notifying the court that she was “prepared and ready to testify before the State Attorney or any of his assistants.”
After Costello’s incarceration, the state arrested Allen Mackerley for the murder of Frank Black. The probable cause affidavit asserts that Black and Mackerley were bitter business rivals in New Jersey; that Black was lured to Florida by a woman who promised a lucrative business contract; that Mackerley had admitted to killing Black in Stuart, Florida and dumping his body in the Atlantic Ocean; that Costello was Macker-ley’s girl friend and that a Riviera Beach hotel employee identified Costello as having used Black’s credit card to receive a fax.
On September 3,1996, the trial court reaffirmed its earlier finding of contempt and the purge conditions. The court noted that Cos *928 tello remained obdurate in her refusal to comply with the terms of the contempt order.
Costello was subpoenaed to appear before the state attorney under the authority of section 27.04, Florida Statutes (1995). Pursuant to section 914.04, Florida Statutes (1995), she was accorded use and derivative use immunity for any statement she might make pertaining to the homicide investigation. DeBock v. State, 512 So.2d 164, 167 (Fla.1987); Novo v. Scott, 438 So.2d 477 (Fla. 3d DCA 1983). Use plus derivative use immunity guarantees a compelled witness not only that her words will not be used against her directly, but also that they will not be used indirectly as leads to the development of derivative evidence. See Kastigar v. United States, 406 U.S. 441, 453, 92 S.Ct. 1653, 1661, 32 L.Ed.2d 212 (1972); see also State v. Williams, 487 So.2d 1092,1095 (Fla. 1st DCA 1986). Application of this form of immunity “leaves the witness and the ... Government in substantially the same position as if the witness had claimed his privilege in the absence of a state grant of immunity.” Murphy v. Waterfront Commission, 378 U.S. 52, 79, 84 S.Ct. 1594, 1610, 12 L.Ed.2d 678 (1964). Section 914.04 immunity from use and derivative use “is coextensive with the scope of the privilege against self-inerimination, and therefore is sufficient to compel testimony over a claim of the privilege.” See Kastigar, 406 U.S. at 453, 92 S.Ct. at 1661; DeBock, 512 So.2d at 167; Novo, 438 So.2d at 479.
Costello argues that use and derivative use immunity is insufficient to overcome the privilege against self-incrimination because she faces potential prosecution relating to Black’s death in other states or in federal court. However, the constitutional rule established by Murphy v. Waterfront Commission was that the Fifth Amendment requires a second sovereign to afford a person use and derivative use immunity for testimony originally compelled under a grant of immunity by another sovereign. 378 U.S. at 79, 84 S.Ct. at 1609-10. Although Murphy involved the use of a witness’ state court testimony in a federal prosecution, there is no logical reason to fashion a different rule where another state is the prosecuting entity. As the Second District observed in Gilliam v. State, 267 So.2d 658, 659-60,
Murphy was intended as a declaration of constitutional principle and has been uniformly interpreted to forbid the use or derivative use of testimony compelled under grant of immunity in another state.
Those states that have considered the question have concluded that where a witness’s Fifth Amendment privilege has been overcome by a grant of immunity in one state, the courts of a sister state must afford the witness use and derivative use immunity with regard to the compelled testimony. See Girdler v. State, 357 N.W.2d 595, 599 (Iowa1984); In re Ippolito, 75 N.J. 435, 438 n. 3, 383 A.2d 117,119 n.3 (1978); Commonwealth v. Webster, 323 Pa.Super. 164, 173, 470 A.2d 532, 536 (1983). This means that if Costello were to give a statement under section 914.04, another jurisdiction seeking to prosecute her would have to meet the heavy burden under Kastigar of proving “an independent, legitimate source” for the evidence it sought to introduce against her. 406 U.S. at 460, 92 S.Ct. at 1665; State v. Williams, 487 So.2d at 1095.
The trial court correctly determined that the section 914.04 grant of immunity subsumed Costello’s privilege to remain silent. The use of civil contempt to compel her testimony was proper. In a civil contempt, incarceration is a remedial tool to obtain compliance with a court order. Costello has the key to her cell, the power to avoid continued incarceration, if she complies with the purge provision and gives testimony concerning Black’s disappearance. After a finding of civil contempt, the trial court has broad discretion to decide that the sanction imposed has lost its coercive power, so that the legal justification for further confinement terminates. See Bashir v. Bache, 557 So.2d 628 (Fla. 4th DCA 1990); Simkin v. United States, 715 F.2d 34, 37 (2d Cir.1983). Because the trial court is in the best position to evaluate the coercive effect of the sanction on the contemnor, the trial court’s management of an incarceration sanction after the original contempt order is reviewed under an abuse of discretion standard. Simkin, 715 F.2d at 37; Sanchez v. United States, 725 F.2d 29, 31 *929 (2d Cir.1984); In re Grand Jury Investigation, 600 F.2d 420, 428 (3d Cir.1979); Acceturo v. Zelinski, 242 N.J.Super. 281, 576 A.2d 900 (App.Div.1990). The trial court’s September 3 reaffirmation of the earlier contempt order was well within its discretion.
Because there is no illegality in Costello’s continued confinement, the petition for writ of habeas corpus is denied.
WARNER and STEVENSON, JJ., concur.