ANSTEAD, Judge.
This is an appeal by the state from an order dismissing an information filed against the appellee charging him with perjury and tampering with evidence.
The appellee was served with a subpoena duces tecum to appear at the state attorney’s office and produce a knife believed to be evidence in a pending sexual battery case filed against his son. Prior to issuance of the subpoena the state learned of appel-lee’s possession of the knife and received a description thereof from the appellee’s wife and daughter. Subsequently, the appellee responded to the subpoena and produced a knife which he asserted to be the one sought by the state. The state claims it was not the knife described by the wife and daughter, hence the perjury and tampering charges.
Appellee filed a motion to dismiss alleging that he was entitled to receive Miranda warnings[1] from the state attorney prior to testifying and that, in the absence thereof, no charges could be filed against him based upon his testimony. Upon the state’s stipulation that no Miranda warnings were given, the trial court granted the motion. We reverse.
As a general rule, Miranda warnings need not be given to a witness subpoenaed by the state attorney’s office to give testimony in the investigation of a pending case against another individual. State v. Newsome, 349 So.2d 771 (Fla.2d DCA 1977). There are no circumstances in the record which require the application of any different rule here. A case was pending against appellee’s son, not appellee. Having received information from the appellee’s wife and daughter that he had possession of relevant evidence in the case, the state attorney had a legitimate interest in securing production of such evidence by subpoena. In doing so the state was not required to anticipate that the appellee would subsequently appear and intentionally produce the wrong knife. Nor was the state required to give Miranda warnings on the basis of such an *1307 ticipation so as to in effect warn the appel-lee that if he did give a false statement, the false statement might later be used against him to prove that he had given a false statement. In United States v. Mandujano, 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed. 212 (1976), the United States Supreme Court held that the failure to give Miranda warnings to a witness called to testify before the grand jury concerning criminal activities in which he may have been involved does not insulate him from a perjury prosecution. In doing so, the Supreme Court clearly established that perjury is not a permissible response even when a witness’ constitutional rights have been violated. Accordingly, even if appellee had been entitled to Miranda warnings, and we do not believe he was under the circumstances herein, he would not be entitled to dismissal of the perjury and tampering charges subsequently filed.
This cause is hereby reversed with directions for further proceedings in accord- ' anee herewith.
LETTS and HERSEY, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).