UPCHURCH, Judge.
This is an original proceeding on suggestion for Writ of Prohibition which raises questions under Section 914.04, Florida Statutes (1977).
Robin Lee Daniels had been charged with burglary in two counts by information filed in the Circuit Court of Orange County. He had also been charged in the County Court of that County with the misdemeanor of false official statement. By order dated July 20, 1979, the felony charges and the misdemeanor were consolidated in the Circuit Court for trial.
Petitioner Daniels, by motion, sought to have all charges dismissed on the grounds that he had been granted immunity under Florida Statute 914.04. He had been served by the State Attorney with an investigative *198 subpoena and required to testify concerning the burglaries with which he was subsequently charged.
Prohibition is ordinarily an appropriate remedy in these circumstances. Tsavaris v. Scruggs, 360 So.2d 745 (Fla.1977). The State contends that it is not appropriate because petitioner perjured himself and therefore transactional immunity never attached.
Two questions are presented. First, does the defendant by committing perjury during the investigative statement thereby waive the immunity granted by the Statute? Second, does the immunity also apply to the perjury?
At the time of filing the information in the Circuit Court, petitioner had not been convicted of perjury, or the misdemeanor, false official statement. Section 914.04 is specific:
. no person, having been duly served with a subpoena . . ., shall be excused from attending and testifying ., but no person shall be prosecuted or subjected to any penalty or forfeiture for or an account of any transaction, matter, or thing concerning which he may so testify or produce evidence,
The Assistant State Attorney acknowledges that he advised Daniels that having been served with an investigative subpoena he was required to testify, but that he would be immune from prosecution.
If we accept the State’s position, Daniels would be tried in a single trial for the burglaries revealed by the investigation and the official false statement made during that investigation. The jury could possibly conclude that petitioner was guilty of the burglaries, but innocent of the false statement. In that event, there should have been no prosecution because there was no perjury and therefore, no waiver.
 The State is not obligated to use this Statute, but once it elects, ahd testimony or other evidence is compelled, immunity from penalty or prosecution is afforded to the witness.[1] This immunity does not apply to prosecution for false statement made during that investigation. Gordon v. State, 104 So.2d 524, 532 (Fla.1958).
As to the burglaries charged by the State in the information filed June 19, 1979, which burglaries were alleged to have occurred between January 17, 1979 and January 20, 1979, the petitioner has been immunized from prosecution; therefore, we must issue our Writ of Prohibition and require the trial court to enter judgment for the petitioner on those charges. We decline to prohibit prosecution for the charge of false official statements because no immunity attached as to that alleged misconduct. Writ of Prohibition is issued and we remand this cause for further proceedings not inconsistent herewith.
Writ of Prohibition issued.
DAUKSCH, C. J., concurs.
CROSS, J., dissents without opinion.

. State ex rel. Foster v. Hall, 230 So.2d 722, 723 (Fla. 2d DCA 1970).