384 So.2d 30 (1980)
THE FLORIDA BAR, Petitioner,
v.
John DOE, Respondent.
The FLORIDA BAR, Petitioner,
v.
Richard ROE, Respondent.
Nos. 58697, 58698.
Supreme Court of Florida.
May 15, 1980.
*31 Wilson J. Foster, Jr., Bar Counsel, Tallahassee, for The Florida Bar, petitioner.
Mallory E. Horne of Horne, Rhodes, Jaffry, Horne & Carrouth, Tallahassee, for John Doe, and Mallory H. Horton of Horton, Perse & Ginsberg, Miami, for Richard Roe, respondents.
ALDERMAN, Justice.
The Florida Bar seeks reversal of orders of the circuit court, Second Judicial Circuit, denying the Bar's motions to have two members of The Florida Bar[1] held in contempt of court and to compel their testimony before a Bar referee in a Bar disciplinary proceeding against another accused lawyer.
The two lawyers, Doe and Roe, were originally charged in that disciplinary proceeding, but the complaints against them were dismissed on the authority of Ciravolo v. The Florida Bar, 361 So.2d 121 (Fla. 1978), because a state attorney, pursuant to section 914.04, Florida Statutes (1973),[2] had purported to grant them immunity not only from criminal prosecution but also from Bar disciplinary proceedings with respect to testimony they had given under oath in 1974 and 1975. In 1979, the Bar obtained further grants of immunity from prosecution for Doe and Roe from the state attorney for Leon County and the state attorney for Dade County. These grants purport to immunize *32 Doe and Roe from criminal prosecution for prior perjury or for the use of their prior testimony in any subsequent criminal proceedings for perjury by inconsistent statements in violation of section 837.021, Florida Statutes (1977).
On September 12, 1979, pursuant to Bar subpoena, Doe appeared before The Florida Bar referee as a witness in the disciplinary proceeding against the accused lawyer. Doe, however, refused to answer questions concerning matters about which he had previously testified. Roe, also subpoenaed by the Bar, was relieved of the duty of appearing personally on September 12 in light of his representation that he also would invoke his right against self-incrimination and refuse to testify. Doe and Roe refused to testify because of their expressed concern that in the event any testimony given by them proved to be inconsistent with any earlier testimony, the criminal sanctions of section 837.021, would be invoked and disciplinary sanctions of the Bar would be imposed. The referee found that they were without adequate excuse for their refusal to testify and directed Bar counsel to take appropriate action to compel their testimony. The Bar's subsequent petitions to the circuit court, requesting that Doe and Roe be held in contempt of court and be compelled to testify in the disciplinary proceeding against the accused lawyer, were denied.
The Bar contends that the recently obtained immunity grants from the Leon County state attorney and the Dade County state attorney protect respondents from criminal prosecution for perjury by inconsistent statements and that the privilege against self-incrimination is now not available to them because they have been immunized from criminal prosecution. In response, Doe and Roe contend that the recent grants of immunity are not valid and effective because the conditions precedent to the grant of immunity set forth in section 914.04, Florida Statutes, do not exist in the present case. Here there is no valid subpoena or subpoena duces tecum returnable before any court having felony trial jurisdiction, grand jury, or state attorney in regard to any investigation or proceeding, or for trial for a violation of a criminal statute. Respondents also contend that they can properly refuse to testify because of their fifth amendment right against self-incrimination where their testimony would incriminate them by exposing them to Bar disciplinary action. They state that they may make an inadvertent inconsistent statement which would subject them to criminal prosecution under section 837.021 and to Bar discipline.
The original immunity granted Doe and Roe from both criminal prosecution and Bar disciplinary proceedings did immunize them from Bar discipline. Doe and Roe's situation was identical to that of Ciravolo and Feldman who had likewise relied on a state attorney's purported grant of immunity from Bar discipline. In Ciravolo v. The Florida Bar, we held that a grant of immunity under section 914.04, Florida Statutes (1975), does not immunize an attorney from Bar disciplinary proceedings, but we refrained from applying this holding to Ciravolo and Feldman because their giving of testimony was predicated on a justifiable interpretation of our precedent existing at the time they were given immunity.
We find it unnecessary to reach the question of the validity of the purported grants of immunity from criminal prosecution by the state attorney for Leon and Dade Counties because we hold that the original granting of immunity to Doe and Roe from criminal prosecution and Bar discipline encompassed the prohibition of using any of the statements previously made by them under oath in 1974 and 1975 as a basis for prosecution of them under section 837.021 or as a basis for Bar discipline for perjury by later contradictory statements. The initial immunization given which caused respondents to testify carries forward and protects them from now having their prior statements used against them to show inconsistency with their present testimony. See McDonald v. State, 321 So.2d 453 (Fla. 4th DCA 1975), and Feldman v. State, 348 So.2d 415 (Fla. 1st DCA 1977). Therefore, it was unnecessary to obtain further grants of immunity.
*33 Because they are immune from criminal prosecution and Bar discipline based on inconsistent statements, it does not follow, however, that if they now commit perjury, in violation of section 837.02, Florida Statutes (1979), provably by evidence other than their prior inconsistent statements, they escape prosecution or Bar discipline. To the contrary, if they now make statements under oath which are proven to be false by evidence independent of their previous statements, they could subject themselves to perjury prosecution and Bar discipline. The law is clear that Doe and Roe may not invoke the fifth amendment privilege against self-incrimination for untruthful statements they now may make in the pending disciplinary proceeding. Glickstein v. United States, 222 U.S. 139, 32 S.Ct. 71, 56 L.Ed. 128 (1911); United States v. Wilcox, 450 F.2d 1131 (5th Cir.1971); United States v. Orta, 253 F.2d 312 (5th Cir.1958); Feldman v. State; McDonald v. State.
Accordingly, respondents are hereby ordered to testify.
ENGLAND, C.J., and BOYD, OVERTON, SUNDBERG and McDONALD, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] Respondents have been given fictitious names to preserve the confidentiality which was ordered by the circuit court in the contempt proceeding.
[2] Section 914.04 provides:

No person, having been duly served with a subpoena or subpoena duces tecum, shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or state attorney, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding. (Emphasis added.)