## In re GRAND JURY PROCEEDINGS.

### Appeal of Frank Derek GREENTREE.

No. 81–3100
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

April 20, 1981.

---

Gerald H. Goldstein, San Antonio, Tex., for appellant.

John Voorhees, Asst. U. S. Atty., New Orleans, La., for appellee.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

PER CURIAM:

Appellant Frank Greentree is being held in jail under an order adjudging him in civil contempt for invoking a claim of privilege against self-incrimination and refusing to answer questions in grand jury proceedings after having been granted immunity.

Appellant had been convicted in federal court on a four-count indictment related to conspiracy, importation, and possession of marijuana. Appeal in that case is pending in this Court. *United States v. Greentree,* No. 80–3142. During that trial he testified extensively in his own defense. Similar testimony by him was also introduced in state court proceedings on related drug charges. The government then proposed at a grand jury inquiry on February 12, 1981, to ask virtually the same questions which Greentree had answered in his own defense at trial. He was granted use immunity but he continued to refuse to answer the questions on the ground that inconsistent answers would subject him to perjury prosecution. This assertion was deemed unacceptable by the district court, and he was found in civil contempt.

Greentree makes the following contentions:

1. The immunity statute, 18 U.S.C. § 6002[1] expressly excepts perjury and false statements from its protection.

---

1. 18 U.S.C. § 6002 provides in part:

Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to—

    (1) a court or grand jury of the United States

        *    *    *    *    *    *

and the person presiding over the proceeding communicates to the witness an order issued under this part, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or

2. The Supreme Court has recently held in *United States v. Apfelbaum*, 445 U.S. 115, 100 S.Ct. 948, 63 L.Ed.2d 250 (1980), that there is no limitation on the use of immunized testimony in perjury prosecutions.

3. Subsection (c) of 18 U.S.C. § 1623[2] allows a mere showing of inconsistent statements in a perjury prosecution to form the basis of conviction. It is not necessary to prove which statement is false.

We find these contentions without persuasive force and affirm the order adjudging appellant Greentree in civil contempt.

The implication of appellant Greentree's position is that if he testifies truthfully to the grand jury under immunity, the answers to the questions asked will be inconsistent with the answers he earlier gave at his criminal trial. It is true that 18 U.S.C. § 1623(c) provides that where there are two or more declarations which are inconsistent to the degree that one of them is necessarily false, the government need not specify which declaration is false.

■ But it is well established that the exception under the immunity statute, 18 U.S.C. § 6002, which authorizes prosecution for perjury, as construed by this Court and elsewhere forecloses the government from prosecuting an immunized witness for perjury based upon *prior* false statements. *United States v. Leyva*, 513 F.2d 774, 776 (5th Cir. 1975); *In re: Grand Jury Proceedings, Taylor v. United States*, 509 F.2d 1349, 1351 (5th Cir. 1975). These holdings, and the holdings in other circuits as well[3] show that he not only could not be prosecuted for perjury on the ground the prior statements were false but also by clear implication the prior statements could not be used as prior inconsistent statements to prove perjury in the testimony before the grand jury.

Appellant's assertion that *United States v. Apfelbaum*, 445 U.S. 115, 100 S.Ct. 948, 63 L.Ed.2d 250 (1980), changes these fundamental principles is not well founded. In *Apfelbaum*, the Supreme Court held that immunized grand jury testimony may be introduced in a subsequent prosecution for perjury to prove that the witness lied before the grand jury in other testimony given at the same time. The Supreme Court held that the immunity statute does not protect a witness from "anticipatory perjury," since the privilege operates to protect only from the compulsion of truthful testimony of an incriminating nature.

The government's brief in this case points out that in its brief in the Supreme Court in *Apfelbaum* the factual situation in that case was distinguished from a situation where an immunized witness had made a false statement before being granted immunity. The government conceded in its brief that in those circumstances the grant of immunity would protect the witness from the use of his testimony to prove that he committed perjury during the prior proceeding.

The meaning of the law is that the immunization of this witness' testimony before

---

other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

2. 18 U.S.C. § 1623 provides in part:
(a) Whoever under oath ... in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration ... shall be fined not more than $10,000 or imprisoned not more than five years, or both.

     *    *    *    *    *    *

(c) An *indictment or information for viola-*tion of this section alleging that, in any proceedings before or ancillary to any court or grand jury of the United States, the defend-ant under oath has knowingly made two or more declarations, which are inconsistent to the degree that one of them is necessarily false, need not specify which declaration is false if—
(1) each declaration was material to the point in question, and
(2) each declaration was made within the period of the statute of limitations for the *offense charged under this section.*

3. *United States v. Alter*, 482 F.2d 1016 (9th Cir. 1973), and cases which have followed it such as *United States v. Berardelli*, 565 F.2d 24 (2d Cir. 1977); *United States v. Watkins*, 505 F.2d 545 (7th Cir. 1974).

the grand jury is not a license to commit perjury before the grand jury but is a direction that he tell the truth. If telling the truth creates inconsistency with his prior testimony at his criminal trial, the prior testimony is not admissible under § 1623(c) to prove him guilty of perjury. An immunity statute does not license perjury. The sole purpose of the order adjudging Greentree in civil contempt is to force him to tell the truth before the grand jury under a grant of immunity. If he does so, he has nothing further to fear in this grand jury proceeding from his earlier prior inconsistent statements under oath. He cannot be prosecuted for perjury for those prior statements because of his grand jury testimony nor can he be prosecuted for perjury for his testimony before the grand jury solely because of his inconsistent prior statements.

It follows that appellant Greentree could not claim the privilege against self-incrimination in his testimony before the grand jury because of his asserted fear of prosecution for perjury. The district court was correct in adjudging him in civil contempt until he purges himself by answering the questions before the grand jury under the grant of immunity.

AFFIRMED.