SHARP, Judge.
The State appeals an order granting Daniels’ motion to suppress a written statement made by him under oath before a deputy sheriff and in response to an investigative subpoena issued by the State Attorney pursuant to section 27.04, Florida Statutes (1979).
Daniels was being prosecuted for perjury based on the statement which was suppressed. He argues the statement should have been suppressed because the deputy failed to give him any Miranda[1] warnings and the deputy was not empowered to require him to answer pursuant to section 27.04 or section 914.04, Florida Statutes (1979), and thereby to grant him “transactional immunity” from prosecution for the subject matter of his responses. We disagree.
The result in this case is dictated by a prior decision of this court involving these matters. In Daniels v. Kirkland, 379 So.2d 197 (Fla. 5th DCA 1980), we ruled that Daniels could not be prosecuted for burglary charges, which was the subject matter of Daniels’ statement. However, we held that the immunity afforded pursuant to section 914.04 did not preclude prosecution for any false statements made by Daniels during the investigation. U. S. v. Mandujano, 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976); Gordon v. State, 104 So.2d 524 (Fla.1958); State v. Saunders, 378 So.2d 1305 (Fla. 4th DCA 1980).
Because Daniels had immunity to respond truthfully to the State’s investigative subpoena, no Miranda warnings were required. The order granting the motion to suppress is reversed and the case is remanded for further proceedings.
REVERSED and REMANDED.
DAUKSCH, C.' J., and COWART, J., concur.

. Miranda v. Arizona, 384 U.S. 436, 443, 86 S.Ct. 1602, 1611, 16 L.Ed.2d 694 (1966).