SCHEB, Judge.
Virgie Fowler appeals her conviction for perjury by contradictory statements. She contends that the testimony she gave under a grant of immunity was impermissibly used by the state as the basis for the charge against her.
In February 1980, an apartment complex in St. Petersburg was burned by a suspected arsonist. Shortly thereafter Virgie Fowler informed the St. Petersburg Police Department that she had knowledge of an insurance fraud committed, by her ex-husband. As a result of that information, the State Attorney’s Office conducted a formal investigation in September 1981 and compelled Fowler to testify. In exchange for her testimony and cooperation in the investigation, Fowler was granted immunity pursuant to section 914.04, Florida Statutes (1981). She gave sworn incriminating testimony that she, her ex-husband, and another friend had committed the arson.
After the investigation, Fowler’s ex-husband was charged with various offenses including arson and insurance fraud. Prior to her ex-husband’s trial, defense counsel subpoenaed Fowler in May 1982 to appear for deposition. She then gave a second and allegedly different account of the arson, which conflicted with her previous testimony concerning her ex-husband’s knowledge of the arson.
The state then charged Fowler with perjury by contradictory statements in violation of section 837.021, Florida Statutes (1981). Fowler’s motion to dismiss the information was denied by the trial court. *297 She then pled nolo contendere to the charge and reserved her right to appeal the denial of her motion to dismiss. She was subsequently adjudged guilty and placed on probation for five years with the condition that she spend six months in jail.
The only issue before us is whether the state was precluded from using the immunized statement made by Fowler in her 1981 testimony in a subsequent criminal proceeding.
Fowler argues that the initial immunization insulated her from having her prior statements used against her to show inconsistency with her subsequent testimony at the 1982 deposition. She cites The Florida Bar v. Doe, 384 So.2d 30 (Fla.1980), for support of that proposition. The state makes no attempt to distinguish Doe, but instead responds that a grant of immunity does not extend to a perjury which the witness may commit.
Section 914.04 provides that when a witness is compelled to testify under a grant of immunity, “no testimony so given or produced shall be received against [the witness] upon any criminal investigation or proceeding.” In return for Fowler surrendering her constitutional right to remain silent lest she incriminate herself, the state was prohibited from prosecuting her based on any inculpatory evidence she might give at the 1981 formal investigation. However, if she gave false testimony, this immunity would not protect her from a subsequent prosecution for perjury. Perjured testimony is beyond the scope of the immunity which was intended to protect the witness from past indiscretions. Gordon v. State, 104 So.2d 524 (Fla.1958); State v. Daniels, 400 So.2d 498 (Fla. 5th DCA), petition for review denied, 411 So.2d 381 (Fla.1981); Daniels v. Kirkland, 379 So.2d 197 (Fla. 5th DCA 1980).
The 1981 grant of immunity did not free Fowler to perjure herself. However, it did preclude the state from using that compelled testimony against her in any other criminal proceeding. McDonald v. State, 321 So.2d 453 (Fla. 4th DCA 1975). Thus, when Fowler testified at the 1982 deposition, the original grant of immunity carried forward and protected her from having her prior statements used against her to show inconsistency with her testimony at the deposition. The Florida Bar v. Doe. The Doe case mandates dismissal of the information charging Fowler with a violation of section 837.021. See also In re Grand Jury Proceedings, 644 F.2d 348 (5th Cir.1981); State v. Harris, 425 So.2d 118, 122 n. 9 (Fla. 3d DCA 1982); State v. Newsome, 349 So.2d 771 (Fla. 2d DCA), cert. dismissed, 353 So.2d 677 (Fla.1977). But cf. United States v. Apfelbaum, 445 U.S. 115, 100 S.Ct. 948, 63 L.Ed.2d 250 (1980) (holding that neither federal immunity statute nor fifth amendment precludes the use of immunized testimony at a subsequent prosecution for making false statements, so long as that testimony conforms to otherwise applicable rules of evidence).
Accordingly, we reverse the trial court’s order denying Fowler’s motion to dismiss and vacate her conviction and sentence.
Although Fowler was immune from prosecution based on her contradictory statements, the supreme court pointed out in Doe that the state is not precluded from prosecuting her under section 837.02 (perjury in official proceedings). However, the effect of that decision appears to make it extremely difficult for the state to prosecute Fowler for perjury in official proceedings under section 837.02, since Doe holds that the grant of immunity carries forward. Under Doe the state cannot introduce any statements made by Fowler while under grant of immunity. If the perjurious statement was made under grant of immunity, under the rationale of Doe there could be no successful prosecution by the state. Since the state could not introduce that statement into evidence, it could not sustain its burden of proving the falsity of the initial statement. We do not think the supreme court intended its holding in Doe to have this effect.
We certify to the supreme court the following question as being one of great public importance:
*298 WHETHER THE FLORIDA BAR v. DOE, 384 So.2d 30 (Fla.1980), BARS THE STATE FROM USING STATEMENTS MADE BY THE DEFENDANT UNDER A GRANT OF IMMUNITY IN PROSECUTION (a) FOR PERJURY BY LATER CONTRADICTORY STATEMENTS UNDER SECTION 837.021; AND (b) FOR PERJURY UNDER SECTION 837.02?
REVERSED AND QUESTION CERTIFIED.
OTT, C.J., and LEHAN, J., concur.