466 So.2d 210 (1985)
STATE of Florida, Petitioner,
v.
Virgie L. FOWLER, Respondent.
No. 65111.
Supreme Court of Florida.
February 7, 1985.
Rehearing Denied April 24, 1985.
Jim Smith, Atty. Gen. and William I. Munsey, Tampa, and Gary O. Welch, Tallahassee, Asst. Attys. Gen., for petitioner.
Tom McCoun of Louderback, McCoun & Helinger, St. Petersburg, for respondent.
EHRLICH, Justice.
This cause is before the Court pursuant to a question of great public importance certified in Fowler v. State, 447 So.2d 296 (Fla. 2d DCA 1984). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In 1980, Virgie Fowler informed the St. Petersburg Police Department that she had information about an insurance fraud committed by her ex-husband. After being granted immunity pursuant to section 914.04, Florida Statutes (1981),[1] she implicated her ex-husband, a friend and herself in the arson.
*211 Prior to her ex-husband's trial on the ensuing charges, she gave a sworn deposition to the defense attorney which conflicted with her previous testimony. The state charged Fowler with a violation of section 837.021, Florida Statute (1981), perjury by contradictory statements.
She filed a motion to dismiss on grounds that the grant of immunity precluded the state's use of her immunized testimony against her in a subsequent criminal proceeding. The trial court denied her motion and she pled nolo contendere to the charge, reserving her right to appeal the denial of her motion to dismiss.
The district court reversed that denial and vacated her conviction and sentence, but certified the following as a question of great public importance:
WHETHER THE FLORIDA BAR V. DOE, 384 So.2d 30 (Fla. 1980), BARS THE STATE FROM USING STATEMENTS MADE BY THE DEFENDANT UNDER A GRANT OF IMMUNITY IN PROSECUTION (a) FOR PERJURY BY LATER CONTRADICTORY STATEMENTS UNDER SECTION 837.021; AND (b) FOR PERJURY UNDER SECTION 837.02?
447 So.2d at 298. We answer the question in the affirmative as to both sections.
As the district court below correctly noted, this case is controlled by our decision in The Florida Bar v. Doe, 384 So.2d 30 (Fla. 1980), which held that a grant of immunity prohibits the use of those immunized statements in subsequent prosecution under section 837.021. We also addressed in that opinion the second part of the certified question, relating to prosecution under section 837.02, perjury in official proceedings. We held that prosecution was possible but that the immunized statements could not be used as evidence in such prosecution. We see no basis for receding from Doe.
We are bound to our conclusion here, as in Doe, by the plain language of the statute. This Court is not empowered to pass judgment on the wisdom of unequivocal legislative enactments. We note, however, that the legislature has demonstrated its awareness of the legal dilemma facing prosecutors and has, in another context, provided a savings clause which resolves the problem. Section 914.05, Florida Statutes (1981), which immunizes for purposes of state prosecution compelled testimony in a United States Court, concerning treason, sabotage, espionage, or seditious conspiracy against the United States, contains the following proviso: "A witness shall not be exempt from prosecution for perjury committed while giving testimony or producing evidence under compulsion as provided in this section."
Whether this language should also be a part of section 914.04 is a matter only the legislature may address. Doe has been extant since 1980 and section 914.04 has been revised since 1981, but the proviso is still absent. Thus, absent any action by the legislature, we have no cause to recede from Doe.
The decision of the district court is approved; the certified question is answered in the affirmative as to both sections.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.
NOTES
[1] Section 914.04 provides:

No person, having been duly served with a subpoena or subpoena duces tecum, shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or state attorney, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding.
(Emphasis supplied.)