FRANK, Judge.
The state appeals from the lower court’s order dismissing the indictment charging the appellee, John T. Moorman, with perjury. We are compelled to affirm the lower court’s order. The events giving rise to the indictment disclose that on August 22, 1984, Moorman was subpoenaed to and did testify before a Pasco County grand jury. Two days after his appearance before the grand jury, it found that Moorman had willfully testified falsely in an official proceeding when he stated that Gail Meyer made a $1,000.00 contribution to the campaign of Sheriff John M. Short. The indictment asserted the allegedly perjurious testimony to be violative of section 837.02, Florida Statutes, the “official proceedings” perjury statute. Moorman challenged the indictment in a multi-pronged motion to dismiss. Among the several grounds urged in support of the motion was the immunity shield conferred upon him by section 914.04, Florida Statutes, as it existed at that time, which provides as follows:
No person who has been duly served with a subpoena or subpoena duces te-cum shall be excused from attending and testifying or producing any book, paper, or other document before any court having felony trial jurisdiction, grand jury, or state attorney upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no testimony so given or evidence so produced shall be received against him upon any criminal investigation or proceeding.
On October 23, 1984, the date when the lower court considered and granted Moor-man’s motion to dismiss, the Supreme Court had not passed upon the question we certified to it in State v. Fowler, 447 So.2d 296 (Fla. 2d DCA 1984). Thus, the lower court was obligated to follow the reluctant but, as we point out below, ineluctable result reached by this court in Fowler.
The question we certified in Fowler was prompted and ultimately controlled by the supreme court’s decision in The Florida Bar v. Doe, 384 So.2d 30 (Fla.1980). The supreme court determined in Doe that a statutory grant of immunity, such as that provided in section 914.04, Florida Statutes, foreclosed prosecution under section 837.-02, Florida Statutes, for perjurious state *313 ments uttered during testimony procured in response to a subpoena issued for a purpose prescribed in section 914.04. Hence, based upon Doe, the supreme court left our Fowler decision intact. State v. Fowler, 466 So.2d 210 (Fla.1985). In affirming Fowler, the supreme court observed that it, and we note that this court as well, “is not empowered to pass judgment on the wisdom of unequivocal legislative enactments.” 466 So.2d at 211. Thus, in the absence of legislative action altering the inescapable effect of section 914.04, the supreme court was unable to recede from its decision in Doe. The lower court was bound to accord full obedience to the immunity granted Moorman by section 914.04, Florida Statutes. We do not, of course, pass upon the merits of the state’s contention that Moorman willfully testified falsely-
The unfortunate but operative consequence of section 914.04, however, has been cured. The legislature during its 1985 session enacted an amendment to section 914.04, with an effective date of May 28, 1985, to provide that “[s]uch testimony or evidence, however, may be received against [the subpoenaed witness] upon any criminal investigation or proceeding for perjury committed while giving such testimony or producing such evidence or for any perjury subsequently committed.” Thus, Doe and Fowler are no longer impediments to the prosecution of a witness who falsely testifies when appearing before a grand jury pursuant to a subpoena. We cannot, however, constitutionally give a retroactive effect to section 914.04 as it has been amended. Rodriguez v. State, 880 So.2d 1123 (Fla. 2d DCA 1980).
Affirmed.
RYDER, C.J., and SCHEB, J., concur.