DAUKSCH, Judge.
This is an appeal from various criminal convictions and sentences.
Appellant was convicted of perjury even though he had been given immunity from prosecution for any statements he made when subpoenaed to testify. Even though he apparently lied regarding the statements he cannot be prosecuted for the perjurious lies. § 914.04, Fla.Stat. (1983); State v. Fowler, 447 So.2d 296 (Fla. 2d DCA 1984). Fowler v. State, 466 So.2d 210, 211 (Fla.1985) holds:
As the district court below correctly noted, this case is controlled by our decision in The Florida Bar v. Doe, 384 So.2d 30 (Fla.1980), which held that a grant of immunity prohibits the use of those immunized statements in subsequent prosecution under section 837.021. We also addressed in that opinion the second part of the certified question, relating to prosecution under section 837.-02, perjury in official proceedings. We held that prosecution was possible but that the immunized statements could not be used as evidence in such prosecution. We see no basis for receding from Doe.
*660 The immunity statute has now been changed and adds language which permits prosecution for perjury when one lies while giving an immunized statement. § 914.04, Fla.Stat. (1985). It cannot be applied retroactively. State v. Moorman, 475 So.2d 312 (Fla. 2d DCA 1985).
The sentences are not in accordance with the law. One guideline sheet should be prepared, the points should be scored correctly and properly, and a legal sentence imposed. Fla.R.Crim.P. 3.701(d)(1); Gallagher v. State, 476 So.2d 754 (Fla. 5th DCA 1985); McDonald v. State, 474 So.2d 1261 (Fla. 1st DCA 1985); Vileta v. State, 454 So.2d 792 (Fla. 2d DCA 1984). Strict adherence to the sentencing guidelines is required.
The other convictions are affirmed.
AFFIRMED in part; REVERSED in part; REMANDED.
UPCHURCH and SHARP, JJ., concur.