The STATE of Ohio, Appellee,

v.

ADAMS, Defendant; Adams, Appellant.

[Cite as *State v. Adams,* 153 Ohio App.3d 134, 2003-Ohio-3086.]

Court of Appeals of Ohio,
Seventh District, Harrison County.

No. 02–HA–543.

Decided June 9, 2003.

T. Shawn Hervey, Harrison County Prosecuting Attorney, and Michael B. Washington, Assistant Prosecuting Attorney, for appellee.

Moreland, Bruzzese, Calabria, Straus & Agresta and Jane M. Keenan, for appellant.

---

WAITE, Presiding Judge.

{¶ 1} Appellant, Lori Adams, refused to testify at the criminal trial of her husband, Mark Adams, on charges of domestic violence. The court granted appellant immunity from prosecution and ordered her to testify, but she continued to refuse to testify on the grounds that it might expose her to liability for perjury in the future. The court held her in contempt for refusing to testify, and she is now appealing the contempt verdict.

{¶ 2} On December 19, 2001, appellant called the Harrison County Sheriff's Department to report a domestic disturbance with her husband. A domestic violence complaint was filed against Mark Adams in Harrison County Court. Appellant gave a written statement to the sheriff's department describing Mark Adams's attack.

{¶ 3} On January 25, 2002, the Harrison County Grand Jury indicted Mark Adams on one count of felony domestic violence. Appellant previously testified at the grand jury hearing.

{¶ 4} Mark Adams's trial took place on May 30, 2002. Appellant had already notified the state that she intended to refuse to testify on Fifth Amendment grounds. The prosecutor called appellant to testify, and she refused "on the ground that it might tend to incriminate [her]." The prosecutor then requested an order granting transactional immunity to appellant and an order compelling her to testify. The request for immunity was presented in writing as required by statute. See R.C. 2945.44(A)(1). The court granted the request for immunity. The immunity protected appellant from prosecution for crimes relating to the statements appellant had made to the police and to the grand jury. The court did not grant appellant immunity from prosecution for perjury arising out of her compelled testimony at her husband's trial.

{¶ 5} Despite the fact that the court granted the request for immunity, appellant continued to refuse to testify. Appellant's counsel argued that the trial judge did not have the statutory authority to grant immunity to the extent that this immunity would be equivalent to the protection of the Fifth Amendment. Counsel argued that Ohio's immunity statute allowed the state to prosecute appellant for all types of perjury, tampering with evidence, and falsification, regardless of when those crimes occurred. Counsel reasoned that appellant could

only be protected from possible criminal prosecution for those three crimes by remaining silent.

{¶ 6} The trial court rejected counsel's arguments and held appellant in contempt of court for failing to answer questions following a grant of immunity. The court's order was memorialized in a judgment entry filed on June 28, 2002. The court ordered appellant to be taken into custody until she was ready to testify. The contempt order was suspended pending appeal, and the criminal trial against Mark Adams was also suspended pending resolution of her appeal. Appellant filed this timely appeal on July 25, 2002.

{¶ 7} A finding of contempt, combined with a sanction for contempt, forms a final appealable order. *Chain Bike v. Spoke 'N Wheel, Inc.* (1979), 64 Ohio App.2d 62, 64, 18 O.O.3d 43, 410 N.E.2d 802.

{¶ 8} Appellant's two assignments of error state:

{¶ 9} "May a trial court strip a witness of her Fifth Amendment privilege against compulsory self-incrimination through a grant of statutory immunity pursuant to Ohio Revised Code § 2945.44 when the witness remains subject to perjury, tampering with evidence and falsification charges and the witness has previously filed a police report and testified before the grand jury in the same case?

{¶ 10} "Is the trial court prohibited, pursuant to the limitations of Ohio Revised Code § 2945.44(C), from granting a witness in a domestic violence case statutory immunity 'for any and all sworn and non-sworn statements made stemming from the investigation and prosecution' of the charge?"

{¶ 11} Appellant presents one primary argument on appeal. She asserts that Ohio's immunity statute does not provide protection against compelled self-incrimination to the same extent as the Fifth Amendment. She argues that while the trial court desired and intended to grant appellant immunity that was coextensive with her constitutional rights, she could not rely on this grant because Ohio's immunity statute, R.C. 2945.44, does not permit a judge to actually·grant immunity as broad as that given by the Fifth Amendment. Appellant does not believe that a person who is compelled to testify pursuant to a grant of immunity should be subject to any possible prosecution for perjury, falsification, or tampering with evidence arising prior to the immunized testimony or based on evidence or events that occurred prior to the immunized testimony.

{¶ 12} Appellant is primarily concerned that the prosecutor may attempt to charge her with perjury if she does not give the answers the prosecutor wants or expects when she is compelled to testify against her husband in his domestic violence case. She contends that the prosecutor's case against her husband is

based entirely on her testimony. For whatever reason, she believes that the prosecutor is determined to obtain a conviction, either of the accused defendant, Mark Adams, or of appellant, who is the victim of the crime.

{¶ 13} Appellant asserts that she may claim the protection of the Fifth Amendment, which provides, "no person * * * shall be compelled in any criminal case to be a witness against himself * * *." Appellant claims that the right against compelled self-incrimination extends to testimony that might furnish a mere link in the chain of evidence needed to support a criminal conviction. *Hoffman v. United States* (1951), 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118; *State v. Jenkins* (1984), 15 Ohio St.3d 164, 228, 15 OBR 311, 473 N.E.2d 264.

{¶ 14} Appellant acknowledges that a witness may be compelled to testify, under a grant of immunity, concerning matters that he or she would be privileged to withhold under the Fifth Amendment. See *Kastigar v. United States* (1972), 406 U.S. 441, 445–446, 92 S.Ct. 1653, 32 L.Ed.2d 212. Appellant contends, though, that such immunity overcomes the right against self-compelled incrimination only if "the scope of the grant of immunity is coextensive with the scope of the [Fifth Amendment] privilege." Id. at 450, 92 S.Ct. 1653, 32 L.Ed.2d 212.

{¶ 15} Appellant argues that she cannot be required to give even truthful testimony, because "the truthful responses of an innocent witness * * * may provide the government with incriminating evidence from the speaker's own mouth." *Ohio v. Reiner* (2001), 532 U.S. 17, 21, 121 S.Ct. 1252, 149 L.Ed.2d 158. Appellant is concerned that her truthful answers will be used against her if she is charged with perjury. Appellant is particularly concerned that the immunity statute, R.C. 2945.44, excludes immunity for all types of prosecution for perjury. Appellant argues that the statute makes no distinction between perjury that occurs before immunity is granted and perjury occurring after immunity is granted. Appellant believes that the immunity statute does not protect her from any type of perjury prosecution and therefore forces her to rely on the constitutional right to remain silent as her only protection. Thus, appellant's arguments rest on the manner in which Ohio's immunity statute is interpreted.

{¶ 16} In Ohio, the authority to grant immunity derives from statute, R.C. 2945.44. The purpose of the immunity described in R.C. 2945.44 is to enable the prosecution to procure testimony necessary to prove its case. *State ex rel. Leis v. Outcalt* (1982), 1 Ohio St.3d 147, 149, 1 OBR 181, 438 N.E.2d 443. R.C. 2945.44 states:

{¶ 17} "(A) In any criminal proceeding in this state or in any criminal or civil proceeding brought pursuant to sections 2923.31 to 2923.36 of the Revised Code, if a witness refuses to answer or produce information on the basis of his privilege against self-incrimination, the court of common pleas of the county in which the proceeding is being held, unless it finds that to do so would not further the

administration of justice, shall compel the witness to answer or produce the information, if both of the following apply:

{¶ 18} "(1) The prosecuting attorney of the county in which the proceedings are being held makes a written request to the court of common pleas to order the witness to answer or produce the information, notwithstanding his claim of privilege;

{¶ 19} "(2) The court of common pleas informs the witness that by answering, or producing the information he will receive immunity under division (B) of this section.

{¶ 20} "(B) If, but for this section, the witness would have been privileged to withhold an answer or any information given in any criminal proceeding, and he complies with an order under division (A) of this section compelling him to give an answer or produce any information, he shall not be prosecuted or subjected to any criminal penalty in the courts of this state for or on account of any transaction or matter concerning which, in compliance with the order, he gave an answer or produced any information.

{¶ 21} "(C) *A witness granted immunity under this section may be subjected to a criminal penalty for any violation of section 2921.11, 2921.12, or 2921.13 of the Revised Code,* or for contempt committed in answering, failing to answer, or failing to produce information in compliance with the order." (Emphasis added.)

{¶ 22} Appellant takes issue specifically with Section (C) of the statute. Appellant is correct that any immunity granted pursuant to statute allows prosecution for the three listed crimes. The three crimes excluded from immunity are perjury, tampering with evidence, and falsification. Nothing in the statute specifically states that a witness may be prosecuted only for these three crimes if the crimes occurred after immunity was granted.

{¶ 23} Appellant is most concerned with the possibility of being charged with perjury. For purposes of this appeal, we will limit our discussion to that crime. Perjury is described in R.C. 2921.11:

{¶ 24} "(A) No person, in any official proceeding, shall knowingly make a false statement under oath or affirmation, or knowingly swear or affirm the truth of a false statement previously made, when either statement is material.

{¶ 25} "(B) A falsification is material, regardless of its admissibility in evidence, if it can affect the course or outcome of the proceeding. It is no defense to a charge under this section that the offender mistakenly believed a falsification to be immaterial.

{¶ 26} "(C) It is no defense to a charge under this section that the oath or affirmation was administered or taken in an irregular manner.

{¶ 27} "(D) Where contradictory statements relating to the same material fact are made by the offender under oath or affirmation and within the period of the statute of limitations for perjury, it is not necessary for the prosecution to prove which statement was false, but only that one or the other was false.

{¶ 28} "(E) No person shall be convicted of a violation of this section where proof of falsity rests solely upon contradiction by testimony of one person other than the defendant.

{¶ 29} "(F) Whoever violates this section is guilty of perjury, a felony of the third degree."

{¶ 30} Appellant believes that the immunity granted by R.C. 2945.44 is not broad enough to protect her from a perjury charge whether or not she tells the truth in the trial against her husband. We must examine the nature of the immunity granted by R.C. 2945.44 before we can address the specific concern raised by appellant. The Ohio Supreme Court has held that R.C. 2945.44 allows a court to grant "transactional immunity," which means that the witness is protected "from prosecution for any criminal activity about which he testified within the limits of the grant." *State ex rel. Koren v. Grogan* (1994), 68 Ohio St.3d 590, 592, 629 N.E.2d 446. This is in contrast to "use immunity," which "protects the witness only from having the specific compelled testimony or the information directly or indirectly derived from the compelled testimony used as evidence against him in a later prosecution." Id.

{¶ 31} "Transactional immunity" is broader than "use immunity" because it completely prohibits the government from prosecuting the defendant for the immunized crimes, rather than merely preventing the use of the immunized testimony. *Kastigar*, 406 U.S. at 453, 92 S.Ct. 1653, 32 L.Ed.2d 212. The Supreme Court of the United States has made it clear that the Fifth Amendment is preserved when a defendant is granted use and derivative use immunity and that the Fifth Amendment does not require a grant of transactional immunity when a court compels a person to testify. Id.

{¶ 32} For most purposes, Ohio's transactional immunity statute generally grants more protection than that offered by the Fifth Amendment. On the other hand, it is clear that Ohio's immunity statute appears to provide no protection at all against being prosecuted for perjury, falsification, and tampering with evidence. Obviously, if the statute provides no protection against prosecution for these crimes, it does not provide transactional immunity for these crimes. If there are other reasons for protecting a witness from prosecution for these crimes, the protection appears not to arise from the statute, but from the federal or state constitution. Such additional constitutional protection is limited to use and derivative use immunity because the United States Supreme Court has

determined that these types of immunity are coextensive with the rights protected by the Fifth Amendment privilege against self-compelled testimony. *Kastigar*, 406 U.S. at 453, 92 S.Ct. 1653, 32 L.Ed.2d 212. In order to be valid, an immunity statute must be at least as extensive as the Fifth Amendment constitutional privilege against self-compelled incrimination. Id. at 449, 92 S.Ct. 1653, 32 L.Ed.2d 212.

{¶ 33} Enactments of the General Assembly are presumed to be constitutional. *State v. Sinito* (1975), 43 Ohio St.2d 98, 101, 72 O.O.2d 54, 330 N.E.2d 896. It is a well-settled principle of statutory construction that courts will liberally construe a statute to save it from constitutional infirmities. Id.

{¶ 34} In *United States v. Apfelbaum* (1980), 445 U.S. 115, 100 S.Ct. 948, 63 L.Ed.2d 250, the United States Supreme Court reiterated its longstanding holding that "allowing prosecutions for perjury in answering questions following a grant of immunity does not violate the Fifth Amendment privilege against compulsory self-incrimination." 445 U.S. at 126, 100 S.Ct. 948, 63 L.Ed.2d 250. "[N]either the text nor the spirit of the Fifth Amendment confers a privilege to lie." *Brogan v. United States* (1998), 522 U.S. 398, 404, 118 S.Ct. 805, 139 L.Ed.2d 830. Perjury prosecutions constitute a "narrow exception" to the general rule that a person who invokes the Fifth Amendment privilege should be treated as if he had remained silent. *Apfelbaum*, supra, 445 U.S. at 127, 100 S.Ct. 948, 63 L.Ed.2d 250.

{¶ 35} *Apfelbaum* involved a federal perjury prosecution arising out of testimony Apfelbaum gave during a grand jury proceeding. Apfelbaum had invoked his Fifth Amendment privilege prior to testifying, and the court granted use and derivative use immunity pursuant to the federal immunity statute, Section 6002, Title 18, U.S.Code. The federal immunity statute contained an exception for "prosecution for perjury, giving a false statement, or otherwise failing to comply with the order." Section 6002, Title 18, U.S.Code. The witness was compelled to testify and made a number of statements at the grand jury hearing that appeared to be false. He was subsequently indicted for making false statements. At the criminal trial, the government introduced portions of the witness's grand jury testimony to support its case.

{¶ 36} Apfelbaum argued that any truthful statements he made at the grand jury hearing should not be used against him in a subsequent prosecution for perjury. Id. at 121, 100 S.Ct. 948, 63 L.Ed.2d 250. The Supreme Court disagreed. The court reasoned that an immunity statute may preserve the rights protected by the Fifth Amendment without being the functional equivalent of silence. Id. at 126, 100 S.Ct. 948, 63 L.Ed.2d 250. The court noted that no immunity could ever protect a person to exactly the same extent that remaining silent would protect the person. Id. The court made reference to its longstanding

rule that the Fifth Amendment " 'does not endow the person who testifies with a license to commit perjury.' " Id. at 127, 100 S.Ct. 948, 63 L.Ed.2d 250, quoting *Glickstein v. United States* (1911), 222 U.S. 139, 142, 32 S.Ct. 71, 56 L.Ed. 128. The court reaffirmed its position that perjury prosecutions are a narrow exception to the Fifth Amendment privilege against compelled self-incrimination, and it could find no Fifth Amendment reason for excluding any immunized testimony (truthful or otherwise) from being used against a person in a subsequent perjury trial. Id. at 128, 100 S.Ct. 948, 63 L.Ed.2d 250.

{¶ 37} The court's key holding is as follows: "[T]he [perjury] exception surely would still be properly regarded as 'narrow,' once it is recognized that the testimony remains inadmissible in all prosecutions for offenses committed prior to the grant of immunity that would have permitted the witness to invoke his Fifth Amendment privilege absent the grant." *Apfelbaum,* supra, 445 U.S. at 128, 445 U.S. 115, 100 S.Ct. 948, 63 L.Ed.2d 250.

{¶ 38} This rather cryptic holding has been universally interpreted to mean that the Fifth Amendment prohibits the use of immunized testimony in a prosecution for perjury committed prior to the grant of immunity but not for perjury committed after the grant of immunity. See, e.g., *United States v. DeSalvo* (C.A.2, 1994), 26 F.3d 1216, 1221; *United States v. Seltzer* (C.A.6, 1986), 794 F.2d 1114, 1120; *In re Grand Jury Proceedings* (C.A.5, 1981), 644 F.2d 348, 350.

{¶ 39} Based on the foregoing constitutional analysis, it is clear that Ohio's immunity statute must be read in such a way as to prevent a prosecutor from using immunized testimony to obtain a conviction for crimes, including the crime of perjury, that occurred prior to the grant of immunity. Although the perjury exception in R.C. 2945.44(C) does not specifically prevent the state from prosecuting a witness for perjury committed before the grant of immunity, this court must construe a criminal statute so that it conforms to the requirements of the constitution. See, e.g., *State v. Cornwell,* 149 Ohio App.3d 212, 2002-Ohio-5178, 776 N.E.2d 572, ¶ 16. Thus, we construe R.C. 2945.44(C) to preclude the use and derivative use of the immunized testimony in prosecutions for perjury if the alleged perjury occurred prior to the grant of immunity. Our reading of R.C. 2945.44 necessarily aligns its requirements with the rights afforded by the Fifth Amendment.

{¶ 40} Our holding specifically limits the state's ability to prosecute a person under R.C. 2921.11(D), which appears to be at the heart of this appeal, and which states:

{¶ 41} "(D) Where contradictory statements relating to the same material fact are made by the offender under oath or affirmation and within the period of the

statute of limitations for perjury, it is not necessary for the prosecution to prove which statement was false, but only that one or the other was false."

{¶ 42} Under this statute, it is theoretically possible that appellant could testify truthfully pursuant to her immunity and that her testimony would contradict her earlier testimony before the grand jury. Under a literal interpretation of this section of the statute, if the prosecutor were inclined to prosecute her for committing perjury during her immunized testimony, he could do so simply by pointing to a statement made during the immunized testimony and to a contradictory statement made at the earlier grand jury hearing.

{¶ 43} It is clear that prosecution under the hypothetical set out above is barred under the Fifth Amendment. This exact situation arose in *In re Grand Jury Proceedings,* supra, 644 F.2d 348, a case from the Fifth Circuit Court of Appeals. There, the federal appeals court was faced with a federal perjury statute very similar to R.C. 2921.11(D). The federal statute, Section 1623, Title 18, U.S.Code, provided:

{¶ 44} "(a) Whoever under oath * * * in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration * * * shall be fined not more than $10,000 or imprisoned not more than five years, or both.

{¶ 45} "* * *

{¶ 46} "(c) *An indictment* or information for violation of this section *alleging that,* in any proceeding before or ancillary to any court or grand jury of the United States, *the defendant under oath has knowingly made two or more declarations, which are inconsistent* to the degree that one of them is necessarily false, *need not specify which declaration is false* if—

{¶ 47} "(1) each declaration was material to the point in question, and

{¶ 48} "(2) each declaration was made within the period of the statute of limitations * * *." (Emphasis added.)

{¶ 49} The Fifth Circuit pointed out that federal caselaw "forecloses the government from prosecuting an immunized witness for perjury based upon prior false statements." *In re Grand Jury Proceedings,* 644 F.2d at 350, citing *United States v. Leyva* (C.A.5, 1975), 513 F.2d 774, 776; see, also, *United States v. Alter* (C.A.9, 1973), 482 F.2d 1016 and *United States v. Berardelli* (C.A.2, 1977), 565 F.2d 24. The court did not find anything in *Apfelbaum* to change this longstanding rule in the federal courts. Id. The Fifth Circuit pointed out that, in *Apfelbaum,* the prosecution was not attempting to introduce any statements (truthful or otherwise) made prior to the immunized testimony; rather, it wanted to prosecute based on multiple contradictory statements given during the immunized testimony. Id. The Fifth Circuit clearly held:

{¶ 50} "The meaning of the law is that the immunization of this witness' testimony before the grand jury is not a license to commit perjury before the grand jury but is a direction that he tell the truth. *If telling the truth creates inconsistency with his prior testimony at his criminal trial, the prior testimony is not admissible* under § 1623(c) *to prove him guilty of perjury.*" (Emphasis added.) Id. at 350–351.

{¶ 51} We agree with the reasoning of the Fifth Circuit in *In re Grand Jury Proceedings.* Following the logic of the Fifth Circuit and applying it to the matter before us, appellee could not use R.C. 2921.11(D) to obtain a conviction for perjury against appellant based on her truthful immunized testimony even if that testimony contradicts prior statements she made under oath. Without such an interpretation, Ohio's immunity statute would provide little, if any, protection and would be rendered meaningless.

{¶ 52} The preceding analysis confirms that the state may compel appellant to testify by granting immunity under R.C. 2945.44 and that appellant cannot be prosecuted for perjury she may have committed prior to the grant of immunity, including a prosecution based on R.C. 2921.21(D). Although R.C. 2945.44 does not expressly contain these limitations, it is necessary for the immunity statute to be so construed in order for it to conform to the requirements of the Fifth Amendment privilege against compelled self-incrimination. Nevertheless, as the United States Supreme Court made clear in *Apfelbaum,* the Fifth Amendment does not preclude the state from prosecuting an immunized witness for any perjury committed during the immunized testimony or afterward. In so doing, however, the state may not use prior testimony against the witness in the manner in that a literal reading of R.C. 2921.11(D) would indicate.

{¶ 53} Although appellant's analysis on appeal is correct for the most part, it does not require us to reverse the trial court's judgment. The trial judge in this case specifically granted appellant the full immunity available under both the immunity statute and the Fifth Amendment. We construe R.C. 2945.44 to allow the trial court to grant the immunity appellant requested. Therefore, pursuant to our construction, appellant was and is required to testify truthfully because of the grant of immunity. Although appellant may be subject to prosecution if she commits perjury during her testimony, any prosecution for perjury is limited to inconsistencies in testimony given after the grant of immunity, and the prosecution may not use prior inconsistent statements, if any, against her. The trial court was within its authority to hold appellant in contempt of court for failure to testify after such immunity was granted, and we affirm the decision of the trial court in full.

Judgment affirmed.

DONOFRIO and VUKOVICH, JJ., concur.